BARZILLAI GARRETSON, impleaded, etc.

*v.*

JEREMIAH STRAWN.

1.  JUDGMENT *against a part of several defendants—in actions ex contractu.* The act of 1869,* authorizing a judgment to be rendered against one or more of several defendants in certain cases, only applies to suits on written

---

*Sess. Laws 1869, 370; Gross' Comp. 518, sec. 83.

contracts when the execution of the instrument ·sued on has been put in issue by plea.

2.  And a plea of coverture by one of the defendants does not put in issue the execution of the instrument, within the meaning of that statute.

WRIT OF ERROR to the County Court of LaSalle county; the Hon. CHARLES H. GILMAN, Judge, presiding.

This was an action of assumpsit, brought by Jeremiah Strawn against Barzillai Garretson, Christiana M. Garretson, his wife, and John Garretson, on a promissory note, executed by them to the plaintiff. Barzillai and Christiana M. Garretson were alone served with process. Christiana filed a plea of coverture, to which the plaintiff filed his replication, averring, in substance, that the note sued on was given by defendants in consideration of the plaintiff's written agreement of even date with the note to make them a deed of " a certain ten acre tract of woodland " when defendants should pay the note; that the defendant Christiana M. under said agreement, took, and ever since held, possession of said tract, and cut timber therefrom, and used the same in making improvements on other real estate belonging to her as her sole and separate property, and that, by reason of the cutting by her of timber from said woodland, it has been reduced in value, and that the defendants Barzillai and John Garretson are insolvent. To this replication a general demurrer was interposed, which the court sustained. No further disposition of the cause was made as to Christiana. Thereupon Barzillai Garretson was called, and failing to appear, judgment by default was entered against him for the amount of the note, with costs of suit, and it was ordered that execution issue therefor. Whereupon he sued out this writ of error.

Messrs. CRAWFORD & BECK and Mr. HENRY GUNN, for the plaintiff in error.

Mr. D. P. JONES, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In this case, Garretson and his wife were both served with process. The wife pleaded her coverture. Judgment by default was taken against the husband, and a demurrer having been sustained to a replication to the wife's plea, no further action was taken as to her, but damages were assessed against the husband. This was error. The act of 1869, authorizing a judgment to be rendered against one or more of several defendants in certain cases, only applies to suits on written contracts when the execution of the instrument sued on has been put in issue by plea. Such was not this case, and the common law rule applies. The replication to the plea of coverture being bad, and the demurrer thereto properly sustained, the plaintiff should have dismissed his suit. This is like the case of *McLean* v. *Griswold*, 22 Ill. 220, in which the husband and wife were jointly sued, and the wife pleaded her coverture. The judgment is reversed and the cause remanded.

*Judgment reversed.*