HIRAM GOULD

*v.*

MARY E. STERNBURG, Admx., etc.

1. JUDGMENT—*in joint action on contract, must be against all the defendants.* There is no warrant in law for rendering separate judgments for different amounts against defendants severally, when sued in a joint action upon a contract, and all are served with process.

2. While it is true that, on a joint and several contract, an action lies against each defendant separately, yet where the plaintiff treats the contract as joint by suing the makers jointly, the rule of recovery in actions upon joint contracts must govern.

3. Where a judgment by default against two defendants was set aside as to one, and a trial had and a judgment rendered as to him for a less sum than the judgment against the other: *Held,* that the proceedings were erroneous, and that the default should have been set aside as to both, and on the trial the damages should have been assessed against both, and judgment rendered thereon.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JESSE O. NORTON, Judge, presiding.

This was an action of assumpsit, brought by Mary E. Sternburg, administratrix of the estate of Philip A. Sternburg, deceased, against Hiram Gould and Amasa Richardson, upon two promissory notes. The facts appear in the opinion.

Mr. W. H. RICHARDSON, and Mr. H. L. RICHARDSON, for the plaintiff in error.

Mr. R. E. BARBER, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The record in this case shows that a joint action was brought against Richardson and Gould upon two promissory notes executed by them, the declaration containing two counts, one upon each note. Both the defendants were served with process, and, at the December term, 1859, of the Will

circuit court, final judgment was rendered by default against both defendants for the sum of $485.26. Subsequently, the default was set aside as against Gould, and he pleaded. Issues were joined upon his pleas, and afterward, at the January term, 1867,—the plaintiff in the meantime having entered a *nolle prosequi* as to one count of the declaration,—a judgment was rendered against Gould alone, for the sum of $322.40.

Gould brings the case here by writ of error, and assigns for error the entry of such judgment against him.

We know of no warrant in the law for rendering separate judgments for different amounts against defendants severally, when sued in a joint action upon a contract, and all served with process. In such case, there can be but one judgment for one amount, and it must be against all the defendants, unless one or more of them be discharged from the suit. The proper course here would have been to have set aside the judgment by default against Richardson as well as Gould, and then, on trial of the issues tendered by Gould, to have assessed the damages against both defendants, and have rendered a joint judgment against them. *Wight et al.* v. *Meredith et al.*, and *Same* v. *Hoffman*, 4 Scam. 360, 362.

It is contended that, because the notes were joint and several, the separate recoveries were allowable. But, in order to that, separate suits must have been brought.

The plaintiff was at liberty to proceed against the parties jointly, or each separately.

Having elected to bring a joint action, and treat the contracts as joint ones, the rule of recovery as in an action upon a joint contract must govern.

The judgment against Gould is reversed and the cause remanded.

*Judgment reversed.*