## ALBERT F. LOGAN
### v.
## JAMES N. BURR.

PRACTICE—JUDGMENT AGAINST ONE DEFENDANT ALONE.—Where the principal and two sureties were sued jointly upon a promissory note, service being had upon both the sureties, it is error to render judgment against one of the sureties alone, there being no default, assessment of damages, or other action of the court as to his co-surety.

APPEAL from the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed January 17, 1879.

Mr. RAUS COOPER and Messrs. KIRKPATRICK & HANNA, for appellant; that judgment must be against all who are served or none, cited Russell v. Hogan, 1 Scam. 552; Hoxey v. County of Macoupin, 2 Scam. 36; Tolman v. Spaulding, 3 Scam. 13;

Wight v. Meredith, 4 Scam. 360; Howell v. Barrett, 3 Gilm. 433; Davidson v. Bond, 12 Ill. 84; Dow v. Rattle, 12 Ill. 373; Fuller v. Robb, 26 Ill. 248; People v. Organ, 27 Ill. 27; Gribben v. Thompson, 28 Ill. 61; Briggs v. Adams, 31 Ill. 486; Stewart v. Peters, 33 Ill. 384; Flake v. Carson, 33 Ill. 518; Faulk v. Kellums, 54 Ill. 189; Gould v. Sternburgh, 69 Ill. 531.

As to the effect of an alteration of the note upon the liability of the surety, and its use as evidence: Hodge v. Gilman, 21 Ill. 441; Walters v. Short, 5 Gilm. 252; Gillett v. Sweat, 1 Gilm. 475; Montag v. Linn, 23 Ill. 551; Lowman v. Aubery, 72 Ill. 619; Harper v. The State, 7 Blackf. 61; 1 Smith's Lead. Cas. 957; Master v. Miller, 4 T. R. 320; Wilde v. Armsby, 6 Cush. 314; 2 Parsons on Notes, 549; Garrard v. Haddan, 67 Pa. St. 82; Elbert v. McClelland, 8 Bush. 577; Goodman v. Eastman, 4 N. H. 455; Gardiner v. Harback, 21 Ill. 129; Burwell v. Orr, 84 Ill. 465; Schnewind v. Hacket, 54 Ind. 248; Harsh v. Klepper, 28 Ohio St. 200; Draper v. Wood, 112 Mass. 315; Fay v. Smith, 1 Allen, 477; McGrath v. Clark, 56 N. Y. 34; Wood v. Steele, 6 Wall. 80.

Messrs. STEWART, PHELPS & GRIER, for appellee.

LELAND, J. This was an action of assumpsit on a promissory note signed by Daniel Mitchell, Thomas Mitchell and Albert F. Logan, the first named being the principal and the last named two securities. The summons was for all of them and the declaration was against all, reciting that all had been summoned. Thomas Mitchell, however, was not served with process; the other two were duly served. There was a trial of issues by jury as to Logan, and there was a judgment against him alone. There was no default as to Daniel Mitchell, no assessment of damages, no action whatever of the court as to him. That it was error to render judgment against Logan alone is well settled. Gould v. Sternburg, adm'x, 69 Ill. 531; Faulk v. Kellums, 54 Ill. 189, and other previous cases.

Logan's claimed defense to the note was that when it was written and signed by him it was for fifteen per cent. interest,

and that it was afterwards altered without his consent by erasing the letters "fif," so as to leave it teen (ten) per cent. As the evidence as to whether this was an alteration with or without the consent of Logan may be different in another trial, we do not deem it necessary to say anything in relation to that branch of the case.

For the error aforesaid the judgment is reversed and the cause remanded.

Reversed and remanded.