Ritchie v. Gibbs.

---

## JACOB H. RITCHIE

### v.

## ANDERSON D. GIBBS.

1. JOINT AND SEVERAL NOTE—ACTION UPON.—In an action upon a joint and several note, the plaintiff must proceed against all jointly or each separately.

2. SURETY—PLEA OF DISCHARGE.—A plea by one that himself and a co-defendant signed the note as sureties only, and that the payee extended the

time of payment without their knowledge or consent, in consideration that another person sign the note, whereby they were discharged, etc., is not a personal plea, so as to form an exception to the rule that where several are sued jointly the judgment must be against all who were served with process or appeared to the action.

3. NOTE—ADDING NEW SURETY—MISJOINDER OF PARTIES.—Where the payee of a note extended the time of payment in consideration of a third person signing as surety, a judgment against such person jointly with other sureties who signed at the time the note was executed, is erroneous. The act by which the last surety became liable, released the former sureties from their liability. They were never jointly liable, and were improperly joined in the action.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed September 17, 1880.

Messrs. WELDON & McNULTA, for appellant; that the judgment is erroneous, cited Kimnel v. Shultz, Breese, 169; Blight v. Ashley, Pet. C. C. 16; Erwin v. Devine, 2 Mon. 224; Jenkins v. Hunt, 2 Rand. 446; Tuttle v. Cooper, 10 Pick. 281; Gould's Pl. 393.

Messrs. SLADE & HADLEY, for appellee, cited Ammons v. The People, 11 Ill. 6; Stoner v. Millikin, 85 Ill. 218; The People v. Harrison, 82 Ill. 84.

HIGBEE, J. The record in this case shows that a joint action was brought by appellee against N. L. Dancy, James A. Doyle, P. M. Stagner and Jacob H. Ritchie.

The declaration counts on a promissory note for $411, executed by defendants to plaintiff on the 19th day of October, 1868, payable three years after date.

All the defendants except Dancy were served with process; Stagner and Ritchie filed pleas, and Doyle was defaulted.

Stagner filed a plea averring in substance that Dancy was principal in the note sued on, and that he and Doyle signed the same as securities only, and that after the maturity of the note, Gibbs the payee extended the time of payment to Dancy one year, in consideration that Ritchie would sign the same as

additional security, and that Ritchie then signed the note, and the time for payment was extended to Dancy without the knowledge or consent of the securities, whereby they had become and were discharged from all liability on said note.  .

Plaintiff below filed his replication to this plea, and the cause was tried by a jury. The verdict of the jury found for plaintiff against defendants, Doyle and Ritchie, and assessed his damages at $655.98, and that defendant Stagner was not liable.

The court overruled a motion for a new trial, and rendered judgment against Doyle and Ritchie for the damages assessed by the jury, and discharged Stagner, from which judgment Ritchie appeals to this court.

In an action on a contract against several defendants jointly, the judgment must be against all of the defendants who are served with process or appear to the action unless some of the defendants make a personal defense, as infancy, lunacy, bankruptcy, and the like. 1 Chitty's Pl. 45 and 46; Kimnel v. Shultz, Breese, 169; McConnell v. Swailes, 2 Scam. 571; Giblin v. Thompson, 28 Ill. 61; Gartson v. Strawn, 54 Ill. 402; Felsenthal et al. v. Durand et al. 86 Ill. 230.

The plea upon which the jury found for the defendant Stagner was not a personal plea within the exception to the rule. The very act by which Ritchie became liable upon the note discharged Stagner.

They were never jointly liable upon the contract, and were improperly joined in the action.

It is now contended that because the note was joint and several, a judgment could be rendered against a part and not all of the defendants. But this can only be done where separate suits are brought. The note is joint and several, and the plaintiff must proceed against all jointly, or each separately. Gould v. Steinburg, 69 Ill. 531.

The recovery in this case violates this well-settled rule of law.

The judgment is reversed and the cause remanded.

Reversed and remanded.