LORENZO D. HAMILTON, impleaded with Jefferson L. Dugger, Plaintiff in Error, *v.* ED. M. DEWEY, Defendant in Error.

ERROR TO COOK.

The second section of the "Practice Act" examined and construed.

A plea in abatement, which avers that a cause of action arose in Logan county, and was specifically made payable there, and that defendant was served, in Logan county, with a process issued from Cook county, and that a co-defendant who was served with process in Cook, also resides in Logan county, is not obnoxious to a demurrer.

The case of *Kenney* v. *Greer,* in 13 Ill. R., the case of *Semple* v. *Anderson,* in 2 Gilm. R., the case of *Haddock* v. *Waterman,* 11 Ill. R., and the case of *Linton* v. *Anglin,* 12 Ill. R., examined and approved.

THIS was an action of assumpsit, brought upon a promissory note, dated and made payable at Atlanta, Logan county, Illinois. The plaintiff resides in Cook county. Hamilton and Dugger were both made defendants.

A summons issued to sheriff of Cook county for both defendants. Also to sheriff of Logan county for both defendants.

Summons to Cook county returned, served on Dugger, in Cook county. Hamilton not found, October 22nd, 1858.

The writ to Logan county returned, served on Hamilton in Logan county, November 8th, 1858 ; also a copy of declaration in this case, served on him in Logan county, November 9th, 1858.

Defendant Hamilton files plea in abatement as follows :

And the said Lorenzo D. Hamilton, one of the defendants in the above entitled cause, comes and says, that this court ought not to have or take further cognizance of this action aforesaid, because he says that the said supposed causes of action, and each and every one of them, arose in the county of Logan, in the State of Illinois, and not within the county of Cook aforesaid, and were specifically made payable at Atlanta, in said Logan county, and not in the county of Cook aforesaid, and that he, the said Hamilton, resides in said Logan county, and not within said Cook county, and that process was served in this cause on him, the said Hamilton, in said county of Logan, and not in said county of Cook; and that said Jefferson L. Dugger is also a resident of said Logan county, and not of said Cook county, and that process in this cause was served on Dugger, in said Cook county, and not in Logan county aforesaid, where he resides, and this the said defendant Hamilton is ready to verify, wherefore he prays judgment, whether the court can or will take further cognizance of the action aforesaid.

Sworn to, etc.

Plaintiff demurred to this plea.

The court, MANIERRE, Judge, sustained demurrer, and ruled defendant Hamilton to plead over.

No further plea was filed, and judgment was rendered against both defendants.

And Hamilton, one of the defendants, assigns for error :

1st. That the court erred in sustaining the demurrer to defendant Hamilton's plea.

2nd. That the court erred in rendering judgment for the plaintiff against defendant Hamilton.

3rd. That the court erred in not rendering judgment for defendant Hamilton.

SCAMMON & FULLER, for Plaintiff in Error.

SMITH & DEWEY, for Defendant in Error.

CATON, C. J. In the case of *Kenney* v. *Greer*, 13 Ill. R. 432, this court overruled all its former decisions upon a question of practice, or rather pleading, and upon that question alone. It had always been previously held, that where the Circuit Court

issued its original process, beyond its own territorial jurisdiction, the jurisdictional facts authorizing the emanation of such process, must be stated in the declaration, upon which jurisdictional facts, the defendant could take issue, if they were not true. In Kenney's case, the rule was changed, and none of these facts were required to be stated in the declaration, but it was left to the defendant to show, by plea in abatement, that the facts as they existed, did not give the court jurisdiction, to send its process beyond its own county. The construction of the statute which states, when the court may send its original process beyond its county, and when not, was not disturbed in any way. That statute was permitted to stand, as it had been previously expounded by this court. In this case, the pleadings have conformed to this decision, and we have only to inquire whether the facts as stated in this plea, had they previous to that decision been stated in the declaration, would have authorized the sending of the summons from Cook, to Logan county. Upon this question, the case of *Semple* v. *Anderson*, 2 Gilm. R. 546, is directly in point. Or rather *it is a stronger case* than this, for there it was held, that unless it affirmatively appeared, that the defendant who was served with the process in the county where it was issued, was a resident of that county, the court had no jurisdiction, while here, it is affirmatively shown that he was not a resident of that county. This construction of the statute is expressly approved in *Haddock* v. *Waterman*, 11 Ill. R. 474, where an attempt was made to review the decisions which had been made on this statute, with some attention. In the case of *Linton* v. *Anglin*, 12 Ill. R. 284, the existing facts which authorized the Circuit Court of Clark county to issue its process to Coles county were, that the cause of action arose in Clark county, and that the plaintiff there resided. These two facts gave the court jurisdiction to issue its process to a foreign county, and we held that it might go to any county where the defendant might be found, else by giving to the word *resides* its strict meaning, a non-resident could not be served in any county in the State, under that clause. There is no such urgent necessity of interpolating the words *or may be found,* after the word *resides,* where it occurs in the portion of the statute now under consideration. We are inclined to adhere to the construction already given to this statute, as to the facts which must exist to authorize the court to send its process out of its county, and are of opinion, that the demurrer to the plea in abatement, should have been overruled.

     The judgment will be reversed and the cause remanded.

*Judgment reversed.*