THOMAS J. EVANS et al., Plaintiffs in Error, v. GEORGE H. GILL et al., Defendants in Error.

### ERROR TO MARION.

Where there are two or more defendants, a part of whom are served with process in time, and a part not in time, the cause should be continued. Judgment in such case cannot be rendered, at the return term, against those who were duly served.

THIS was an action of assumpsit by Gill and company against

Evans and Smalley, on an indorsed note. The declaration also embraced the common counts. A summons was issued against Evans and Smalley, returnable at March term, 1858, of the Marion Circuit Court. Service was made on Evans on the 25th of February, which was more than ten days prior to the 1st day of term, and on Smalley on the 27th day of February, which was less than ten days before the first day of term.

The court, OMELVENEY, Judge, presiding, rendered a judgment against Evans, by default, for $504.18, and ordered execution. A writ of *scire facias* was also ordered against Smalley, returnable to the first day of the next term, to show cause why he should not be made a party to the judgment.

It was insisted in this court, that it was erroneous to render judgment against one of two defendants, without a return of *non est inventus* as to the other, where the return shows a service on both.

LECOMPTE & STOKER, for Plaintiffs in Error.

R. S. NELSON, for Defendants in Error.

WALKER, J. At the common law where several defendants are sued upon a joint contract, the plaintiff was not entitled to judgment against any of them, until all were served with process, or until those not served were prosecuted to outlawry. Our statute has provided, that defendants shall be served at least ten days before the term, to authorize the plaintiff to proceed to judgment. But to remedy the inconveniences of the common law practice, it has provided that a return of *non est inventus* as to a part of the defendants shall authorize the plaintiff to proceed to trial and judgment against those upon whom service has been had, and authorizes the issuing of a summons in the nature of a *scire facias*, to make the defendants not served parties to the judgment he may obtain. But the statute has failed to provide for a case in which all of the defendants have been served, but a portion of them not in time. In such a case, as at the common law, the recovery must be against all or against none of them. A portion of them not being served in time, are entitled to a continuance, and the statute has not authorized a recovery against those duly served with process.

In this case one of the defendants was served in time, and the other not in time for the return term, and the plaintiff was not in a position to proceed against either or both of the defendants. In this state of the record the cause should have been continued until the next term of the court, as the defendant who had not been served in time, did no act to waive the want of proper ser-

vice. This question was so determined in the case of *Davidson et al.* v. *Baird et al.*, 12 Ill. 84, and we adhere to the conclusion there announced.

Judgment reversed and cause remanded.

*Judgment reversed.*