## ALBERT FELSENTHAL *et al.*

*v.*

## JOHN M. DURAND *et al.*

1. PRACTICE — *when judgment must be against all the defendants.*   Where a party defendant appears and pleads by attorney without service of process, it is error to proceed to judgment against those who have been served, without also taking judgment against him who thus appeared by attorney.

2. In actions on contracts against several, where all are served with process, the judgment must be against all or none, unless some of the defendants make a personal defense — as, infancy, lunacy, bankruptcy, and the like.   The same rule applies where a defendant not served appears to the merits.

3. SAME — *where plea is defective.*   Where a plea regularly filed is defective, the proper mode to meet and dispose of it is by demurrer — not to entirely disregard it as no plea.

WRIT OF ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action in the Superior Court of Cook County, upon a promissory note alleged in the declaration to have been executed by Albert, Benjamin, Jacob, and Isaac Felsenthal, under the name of J. Felsenthal & Sons.   Summons was issued against the four above named defendants, and returned served on Albert, Benjamin, and Isaac Felsenthal, and not found as to Jacob Felsenthal.   February 3, 1875, default and judgment for the amount of the note

were entered against the three defendants served, and no action by the court against Jacob Felsenthal.

February 3, 1875, the four defendants, Albert, Benjamin, Isaac, and Jacob Felsenthal, came by their attorney and filed their plea, verified by affidavit, denying their joint liability. Jacob Felsenthal filed his further affidavit with the plea that he had a good defense to the suit upon the merits to the whole of the plaintiffs' demand.

On the same day, February 3, 1875, the defendants Albert, Benjamin, and Isaac Felsenthal moved the court to vacate the default and judgment as having been erroneously entered, a plea and affidavit of merits having been filed at the time; which motion was denied by the court, and exception taken.

The bill of exceptions states that it was admitted by all the parties to the suit, in open court, that the said plea and affidavit of merits were marked " filed " from three to five minutes before ten o'clock A. M., the opening hour of the court on February 3, 1875, as shown by the statement of the clerk in open court, but were not placed with the papers in the file of said cause — said February 3, 1875, being the default day of said court for the February term, 1875 — and that the plaintiffs were not entitled to the default and judgment by reason of any laches of the defendants in filing their said plea and affidavit; but that the court refused, notwithstanding, to set aside the default and judgment, because the affidavit of merits filed by the defendants was not a sufficient affidavit in that no venue was laid, and the plea of the defendants was not a sufficient and proper plea as a defense. Whereupon the defendants asked leave to file a proper plea on behalf of the defendants; which was also refused and excepted to.

The defendants Albert, Benjamin, and Isaac Felsenthal appeal from the judgment rendered against them.

Mr. ADOLPH MOSES, for the plaintiffs in error.

Messrs. FULLER & SMITH, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill of exceptions shows that at the time the judgment was rendered a plea had been filed on the part of all the defendants in the suit; that there was no default in the respect of filing a plea and affidavit of merits, such as they were, but that the ground of the refusal to set aside the default and judgment was the insufficiency of the plea and affidavit. Admitting the insufficiency of the plea and affidavit, there was no justification for rendering a judgment against three of the defendants alone. In actions on contract against several, when all are served with process, the judgment must be against all or none, unless some of the defendants make a personal defense — as, infancy, lunacy, bankruptcy, and the like. *Kimmel* v. *Shultz*, Breese, 169; *McConnel* v. *Swailes*, 2 Scam. 571; *Gribbin* v. *Thompson*, 28 Ill. 61; *Faulk* v. *Kellums*, 54 id. 189. By statute, judgment may be taken against a part of the defendants who alone have been served with process. Although Jacob Felsenthal was not served with process, he, together with the defendants served, filed a plea. If this plea was defective, yet it was a plea by Jacob Felsenthal, who thereby entered his appearance, brought himself into court, and stood in the like attitude as if he had been served with process. Where a plea regularly filed is defective, the proper mode to meet and dispose of it is by demurrer — not to entirely disregard it as no plea.

Where a party defendant appears and pleads by attorney without service of process, it is error to proceed to judgment against those who have been served, without also taking judgment against him who thus appeared by attorney. Breese, 182.

The judgment must be reversed, and the cause is remanded with leave to the defendants to file an amended plea and affidavit of merits.

*Judgment reversed.*