### William Vanston, Impleaded, etc., v. George S. Boughton.

1. JUDGMENTS—*When a Judgment Must be Joint.*—There is no warrant in the law for rendering judgment against defendants severally when sued in a joint action on a contract. In such case there can be but one

judgment for one amount, and it must be against all the defendants unless one or more have been discharged from the suit.

2. PRACTICE—*Where Judgment is Improperly Rendered Against One Defendant Only.*—A judgment by confession was rendered against two parties, but was afterward vacated on motion of one of them, and leave given him to plead. A trial was then had, a verdict rendered and judgment entered against such defendant alone. The other defendant did not participate in the motion to vacate the judgment, and for leave to plead, and his plea of confession remained on file and in full force. *Held*, on appeal, that the judgment should have been against both defendants, and that it must be reversed with directions to the trial court to enter the proper judgment.

**Confession in Vacation.**—Appeal from the Circuit Court of Winnebago County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded with directions. Opinion filed September 20, 1897.

FROST & McEVOY, attorneys for appellant.

FISHER & NORTH, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

A judgment was entered by confession in vacation of the Circuit Court, against appellant, jointly with one Seymour J. Manor, for $240.24, upon a promissory note and warrant of attorney to confess judgment. Under the authority of the warrant, the execution of which was duly proved by affidavit appearing in the record, both defendants appeared in court by attorney, filed plea of confession, and thereby waived the service of process, confessed judgment in favor of plaintiff for the sum above mentioned, and released all errors that might intervene in entering up such judgment. The appellant subsequently appeared in court, and on his motion the judgment so entered was set aside and leave given him to plead. The issues made upon the plea filed by appellant were tried by jury, resulting in a verdict for the plaintiff, assessing his damages at $239.92. Upon this verdict the court rendered judgment against appellant alone, to reverse which he appeals to this court. The only error argued by counsel for appellant in his brief, is in rendering judgment against appellant alone, and this will be regarded

Vanston v. Boughton.

as an abandonment of all other errors assigned upon the record.

There is no warrant in the law for rendering separate judgments against defendants severally, when sued in a joint action upon a contract. In such case there can be but one judgment for one amount, and it must be against all the defendants, unless one or more have been discharged from the suit. The proper course is to assess damages against both defendants and render a joint judgment against them. Gould v. Sternburg, 69 Ill. 531; Felsenthal v. Durand, 86 Ill. 230; Gribbin v. Thompson, 28 Ill. 61.

Appellee has asked this court, if it shall conclude the judgment erroneous and reversible, to render the proper judgment on the verdict, or direct the Circuit Court to do so, to which appellant objects the verdict is against appellant alone, and that no default was taken in the Circuit Court against the defendant Manor, and for those reasons no judgment could be properly rendered against both defendants upon such verdict. We see no force in this objection. The defendant Manor did not participate in the motion to vacate the judgment and for leave to plead, consequently up to the time of the trial his plea of confession remained before the court in full force; he was not in default, and it could not properly be entered against him; he had already entered his appearance in the cause, waived the issuance of summons and confessed the action of the plaintiff, and the plea accomplishing this purpose had not by him been withdrawn; he had already confessed the plaintiff's damages. While the verdict is not in that precise form, yet its legal effect is to find the issues for the plaintiff and assess his damages at $239.92, which we think is a sufficient verdict for every purpose in the case, and binding on all the parties. It would be proper for the court to render judgment upon it against both the defendants. It is not an unusual practice for an Appellate Court to reverse the judgment of the lower court with directions to enter the proper judgment, and in some instances the costs of this court have been taxed to the appellant. Moore v. People, 13 Ill. App. 248; Masters v. Masters, Ib. 611.

The judgment of the Circuit Court will therefore be re  rsed and the cause remanded to that court, with directions to it to enter judgment upon the verdict against both defendants.

CRABTREE, P, J., took no part.