ELLA SANDUSKY

*v.*

GEORGE H. SIDWELL *et al.*

*Opinion filed June 18, 1898.*

1. PRACTICE—*section 2 of Practice act construed, as to summons to foreign county in joint action.* To authorize the issue of summons to a foreign county in a personal action at law against two or more defendants, as provided in section 2 of the Practice act, (Rev. Stat. 1874, p. 775,) at least one of the defendants must reside in the county where suit is brought.

2. SAME—*section 9 of Practice act does not apply to partnership suits.* Section 9 of the Practice act, providing that if a summons is served on one of the defendants, but not on all, the plaintiff may take judgment against the party served and may afterwards bring the other obligors into court by a summons in the nature of a *scire facias,* applies only where the obligation is joint and several, and not to partnership obligations.

3. SAME—*section 3 of act on joint rights and obligations does not apply to partnerships.* Section 3 of the act on joint rights and obligations, (Rev. Stat. 1874, p. 620,) providing that "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants," applies only to contracts, obligations and covenants made jointly by persons in their individual capacity, and has no reference to partnership obligations.

4. PLEADING—*plea of non-joinder unnecessary where defect appears on face of record.* A plea of non-joinder in an action against a partnership is unnecessary where the defect appears on face of record.

*Sandusky* v. *Sidwell,* 73 Ill. App. 491, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

PENWELL & LINDLEY, for appellant.

BURHANS & HILL, and KIMBROUGH & MEEKS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, Ella Sandusky, brought this action of debt in the circuit court of Vermilion county, suing for herself and for the use of said county, against appellees, George H. Sidwell and George T. Sidwell, as partners composing the firm of Sidwell & Co. A summons was issued to the sheriff of that county and returned served upon George H. Sidwell and "not found" as to George T. Sidwell. A summons was also issued against George T. Sidwell, impleaded with George H. Sidwell, directed to the sheriff of Cook county, and that summons was served upon George T. Sidwell in Cook county. The defendant George T. Sidwell filed his plea to the jurisdiction of the court, and alleged that the cause of action arose in the county of Cook and not within the county of Vermilion; that the action was not a local action; that both he and his co-defendant, George H. Sidwell, at the time the suit was begun, resided in Cook county and not in the county of Vermilion; that process was served on George H. Sidwell while he was on a public train passing through the said county of Vermilion, and not within the county of Cook where he resided, and that the other summons was served on the defendant George T. Sidwell in the county of Cook and not within the county of Vermilion. The defendant George H. Sidwell filed a similar plea to the jurisdiction. The plaintiff demurred to each of these pleas and

the court overruled the demurrers, whereupon plaintiff elected to stand by them and refused to plead further. The court then ordered the writs quashed and dismissed the suit at plaintiff's cost. The Appellate Court has affirmed the judgment.

The demurrers admitted the truth of the averments found in the pleas. From them it appears that the defendant George T. Sidwell did not reside in Vermilion county and was not found there, and that both he and his co-defendant resided in Cook county. There was therefore no authority of law for issuing the summons against him to the sheriff of Cook county. No error was assigned upon overruling the demurrer to his plea, and it is clear that the writ against him was properly quashed. Section 2 of chapter 110 of the Revised Statutes provides: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law when there is more than one defendant, the plaintiff commencing his action where either of them resides may have his writ or writs issued directed to any county or counties where the other defendant, or either of them, may be found." This suit was not brought in a county where either of the defendants resided, and in order to authorize a summons to be issued to any other county one of the defendants must be an actual resident of the county where the suit is brought. *Hamilton* v. *Dewey*, 22 Ill. 490; *Semple* v. *Anderson*, 4 Gilm. 546.

Error was assigned upon overruling the demurrer to the plea of George H. Sidwell and quashing the writ as to him, and also upon dismissing the suit. Appellant insists that the suit should not have been dismissed, but that she had a right to proceed with it under section 9 of said chapter 110, which provides as follows: "If a summons or *capias* is served on one or more but not on all of the defendants, the plaintiff may proceed to trial and

judgment against the defendant or defendants on whom the process is served, and the plaintiff may, at any time afterwards, have a summons, in the nature of *scire facias,* against the defendant not served with the first process, to cause him to appear in said court and show cause why he should not be made a party to such judgment." It is only where the obligation is joint and several, and where a plaintiff might have a judgment against one, that he could proceed under that section. It does not include the obligations of a firm. Section 3 of chapter 76 of the Revised Statutes, declaring, "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants," has no reference to a partnership obligation. It covers only contracts, obligations and covenants made jointly by persons in their individual capacity. According to the pleas, admitted by the demurrers, the partners composing this firm were both living and within the jurisdiction, and in such case, in an action against them, both must be joined. (*Coates* v. *Preston,* 105 Ill. 470; Parsons on Partnership, 475; Dicey on Parties to Actions, sec. 266.) A *scire facias* of the sort referred to is nothing but a summons, and is termed in the statutes a summons in the nature of a *scire facias.* The statute does not apply to a case where, from the nature of the obligation, all of the defendants must be before the court.

Under the statute, if the defendants had been found and served in Vermilion county the court would have acquired jurisdiction, but where such jurisdiction could only be acquired by sending process to another county, which the statute prohibits, and the plaintiff could not proceed against the party served, there was no error in quashing the writ and dismissing the suit. The court properly overruled the demurrers, and the plaintiff refusing to answer further, it appeared on the face of the declaration that the obligation was a partnership one, in which George T. Sidwell was liable jointly with his

partner, the other defendant, George H. Sidwell, and plaintiff could not proceed with the suit against the defendant served. No plea of non-joinder by George H. Sidwell was necessary, since the defect appeared upon the face of the record. *Cummings* v. *People*, 50 Ill. 132.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*