## E. A. SHERBURNE

*v.*

## FRANK D. HYDE.

*Opinion filed April 17, 1900—Rehearing denied June 20, 1900.*

1. PRACTICE—*section 9 of Practice act, concerning scire facias, applies to partnership suits.* Section 9 'of the Practice act, providing that where summons is served on one or more defendants, but not upon all, the plaintiff may proceed to trial and judgment against the defendants served and afterwards have a *scire facias* issued against those not served, applies to suits against partnerships. (*Sandusky v. Sidwell*, 173 Ill. 493, overruled in part.)

2. SAME—*scire facias provided for in section 9 is not an alias writ.* The *scire facias* provided for in section 9 of the Practice act, while a second summons, is a summons of a special character, and does not come within the term "*alias* writ."

3. ATTACHMENT—*section 9 of Practice act applies though partners are named as garnishees in attachment.* Where partners are named as garnishees in attachment but the writ is served on one, only, and returned "not found" as to the other, who is within the jurisdiction of the court, the plaintiff may proceed to judgment against the one served, and have a summons in the nature of a *scire facias* issued against the other to make him a party to the judgment.

BOGGS, C. J., and CARTWRIGHT, J., dissenting.

*Hyde* v. *Casey-Grimshaw Marble Co.* 82 Ill. App. 83, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

E. A. SHERBURNE, JOSEPH W. MOSES, and WILLIAM CATRON RIGBY, for appellant:

At common law, where several defendants were sued on a joint undertaking, the plaintiff was not permitted to take judgment against any until all were served with process, or until those who could not be served were proceeded against to outlawry. Our statute has substituted the return of *non est inventus* for that of outlawry, and

authorizes judgment against defendants who are in court
by the service of process.   *Tiffany* v. *Breese*, 3 Scam. 499.

In actions on contracts against several, when all are
served with process, the judgment must be against all
or none, unless some of the defendants make a personal
defense, as, infancy, lunacy, bankruptcy and the like.
By statute, judgment may be taken against a part of the
defendants who alone have been served with process.
*Felsenthal* v. *Durand*, 86 Ill. 230.

When several defendants are sued, whether on a part-
nership or other obligation, and all the obligors or prom-
isors are made defendants, and a part only are served
and the process is returned not found as to the rest, the
plaintiff may take judgment against the defendants who
are before the court.

F. W. BECKER, for appellee:

Failure to serve one partner invalidated the attach-
ment and gave the lower court no jurisdiction of the *res.*
This defect is incurable, as an *alias* attachment cannot
issue, (*Dennison* v. *Blumenthal*, 37 Ill. App. 385; *Pack* v. *Bank*,
172 Ill. 192;) nor a *scire facias*, which is only an *alias* sum-
mons, (*Sandusky* v. *Sidwell*, 173 Ill. 493,) and is not issuable
in case of a firm obligation.

Where debts are due from two or more persons jointly,
as, for instance, in partnership, instead of jointly and
severally, all must be served.   8 Am. & Eng. Ency. of
Law, (1st ed.) 1166; Shinn on Attach. and Gar. sec. 608;
*Warner* v. *Perkins*, 8 Cush. 518; *Hoyt* v. *Robinson*, 10 Gray,
371; *Heith* v. *Pfeifle*, 42 Mich. 31.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant, Sherburne, brought attachment in the
superior court of Cook county against the Casey-Grim-
shaw Marble Company, a non-resident corporation, upon
certain promissory notes and an open account which he

held against that company, and in the attachment writ named William Grace and Frank D. Hyde, as partners under the firm name and style of Grace & Hyde, as garnishees. The writ was served on Hyde and returned not found as to Grace. The defendant to the attachment not appearing, after statutory notice judgment by default was entered against it. Hyde answered the interrogatories to Grace & Hyde, that his said firm was indebted to the marble company upwards of $1000, but that he was informed and believed that at the time of the service of the writ said indebtedness had been assigned to August R. Meyer. Meyer appeared and filed his interplea, to which the court sustained a demurrer and rendered judgment against Grace & Hyde, garnishees, on Hyde's answer. This judgment was reversed by the Appellate Court because Grace had not been served, and the cause was remanded. (*Grace* v. *Casey-Grimshaw Marble Co.* 62 Ill. App. 149.) The cause having been re-docketed, the superior court rendered judgment against Hyde alone, as garnishee. On Hyde's appeal this judgment was reversed by the Appellate Court without remanding the cause. The judgment being less than $1000 a certificate of importance was granted, and the cause is before us on Sherburne's appeal.

The question presented for decision is, whether or not it was error to render judgment against Hyde alone for the partnership debt of Grace & Hyde. Had Grace appeared to the action or been served with process, it is settled law that the judgment must have been against both or neither. (*Kimmel* v. *Shultz*, Breese, 169; *Russell* v. *Hogan*, 1 Scam. 552; *Hoxey* v. *County of Macoupin*, 2 id. 36; *Felsenthal* v. *Durand*, 86 Ill. 230; *Byers* v. *First Nat. Bank*, 85 id. 423.) But as Grace did not appear, and, though within the jurisdiction and named in the writ, was not served, it is contended by appellant that it was proper practice to take judgment against Hyde alone, and have a summons in the nature of a *scire facias* issued against

Grace to cause him to appear in said court and show
cause why he should not be made a party to the judg-
ment, as provided in section 9 of the Practice act, (Rev.
Stat. p. 776,) which reads: "If a summons or *capias* is
served on one or more, but not on all of the defendants,
the plaintiff may proceed to trial and judgment against
the defendant or defendants on whom the process is
served, and the plaintiff may, at any time afterwards,
have a summons, in the nature of *scire facias*, against the
defendant not served with the first process, to cause him
to appear in said court, and show cause why he should
not be made a party to such judgment; and upon such
defendant being duly served with such process, the court
shall hear and determine the matter in the same manner
as if such defendant had been originally summoned or
brought into court, and such defendant shall also be al-
lowed the benefit of any payment or satisfaction which
may have been made on the judgment before recovered,
and the judgment of the court against such defendant
shall be that the plaintiff recover against such defend-
ant, together with the defendant in the former judgment,
the amount of this debt or damages, as the case may be."
Appellee contends, on the other hand, that that section
applies only to obligations which are joint and several,
where suit might be brought against one, only, and not
to obligations of a co-partnership, and cites *Sandusky* v.
*Sidwell*, 173 Ill. 493, where, in the language used by the
court in the opinion, it was in substance so said.

Upon further consideration of the case at bar upon
rehearing we have reached the conclusion that said sec-
tion of the Practice act does apply to partnership con-
tracts and obligations, as well as to other joint, or joint
and several, contracts and obligations, and that what
was said to the contrary in the case cited should be so
far qualified. But, as we there held, section 3 of chap-
ter 76 of the Revised Statutes, declaring, "all joint ob-
ligations and covenants shall be taken and held to be

joint and several obligations and covenants," has no reference to contracts of a co-partnership. (*Coates* v. *Preston*, 105 Ill. 470.) In other States, by statute, suits may be brought against one of several partners on a partnership contract. But not so in this State. Here all ostensible members of the co-partnership must be joined. (*Page* v. *Brant*, 18 Ill. 37.) They are declared against as partners, and the statute confers no authority to sue and declare against one, only, as in case of other joint debtors. But it does not follow that section 9 of the Practice act, above quoted, does not apply to suits against appellants, who are partners. It does not follow that because the plaintiff cannot elect to sue one, only, of several partners who are jointly liable, but must sue all, that judgment may not be rendered, as this section provides, against one, or more than one, who are served, and the prescribed steps then taken to bring in and make the remaining members of the firm parties to the judgment. A plaintiff cannot, in any case, bring his action against more than one and less than all of his joint debtors, but under this statute he may sue all, whether partners or not, and take judgment against so many as are served or who appear, and the rest may be made parties to the judgment by summons in the nature of *scire facias.* But whether they are so made parties to the judgment or not, the judgment is valid because the statute authorizes it. So it is seen that the power of the court to render judgment against one or more joint debtors where all are sued, and thus to produce a severance if it becomes necessary, does not depend on the right of the plaintiff to elect to produce such severance himself, by bringing his suit against a part, only. The reasons, therefore, for holding that it could not have been the intention of the legislature, by section 3, to declare partnership liabilities to be joint and several, would not be sufficient to authorize the conclusion that section 9 was not intended to apply to defendants sued as partners, and the section itself contains

nothing excluding such defendants from its operation. "At the common law, where several defendants were sued upon a joint contract, the plaintiff was not entitled to judgment against any of them until all were served with process or until those not served were prosecuted to outlawry. * * * But to remedy the inconveniences of the common law practice," the statute "has provided that a return of *non est inventus* as to a part of the defendants shall authorize the plaintiff to proceed to trial and judgment against those upon whom service has been had, and authorizes the issuing of a summons in the nature of a *scire facias*, to make the defendants not served parties to the judgment." (*Evans* v. *Gill*, 25 Ill. 100; *Davidson* v. *Bond*, 12 id. 84.) In *Felsenthal* v. *Durand*, 86 Ill. 230, which was a suit against several defendants as partners, it was said: "By statute, judgment may be taken against a part of the defendants who alone have been served with process," and we are of the opinion it should be so held, otherwise we would be compelled to hold, without sufficient warrant, that it was the intention of the legislature to exclude all defendants sued as partners from the operation of the statute, and as to them only to retain the common law practice of outlawry.

But the point is made that the case at bar was in attachment, and that Grace and Hyde were named as garnishees, and that the proceedings against them are controlled by the statutes relating to attachments and garnishments, and not by the Practice act, and *Pack, Woods & Co.* v. *Savings Bank*, 172 Ill. 192, is cited to support the contention that no second writ can issue against Grace. It was held in that case that the statute does not provide for the issuing of an *alias* writ of attachment, and it is urged here that another writ, if issued and served upon Grace, would necessarily be another garnishee process based upon the attachment, and would, upon the authority of the case cited, be unauthorized. But would a summons in the nature of a *scire facias*, if issued

in this case under the statute, be an *alias* writ? We think not, in the sense the term is employed. Section 8 provides for an *alias* common law writ. But while the *scire facias* authorized by section 9 would be another summons, yet it is one of a special character, which the statute authorizes only where a part, but not all, of the defendants have been served and judgment has been rendered against those served, and which commands the defendants not served by the first writ to appear and show cause why they should not be made parties to the judgment rendered against their co-defendants. Clearly, it does not come within the term "an *alias* writ." True, neither the Attachment nor the Garnishment act authorizes such a writ, yet section 26 of the former· provides that "the practice and pleadings in attachment suits, except as otherwise provided in this act, shall conform, as near as may be; to the practice and pleadings in other suits at law." And while this section and the Practice act do not authorize an *alias* attachment writ, they do authorize a summons in the nature of a *scire facias* to make a defendant coming within their provisions, as Grace does in this case, a party to the judgment against his co-defendant. There is nothing in *Kirk* v. *Elmer Dearth Agency*, 171 Ill. 207, cited by counsel, which holds to the contrary. If, as there held, the Attachment act had made different provisions affecting the practice in question, it would control; but as it has not, the Practice act controls.

The judgment of the Appellate Court is reversed and the judgment of the superior court is affirmed.

*Judgment reversed.*

BOGGS, C. J., and CARTWRIGHT, J., dissenting.