Gormley v. Hartray.

---

## James H. Gormley v. Thomas R. Hartray.

1. EVIDENCE—*When Not Sufficient to Overcome a Written Instrument.* —Transactions between two brothers, one of whom was a member of a partnership, in relation to the loan of money and giving the firm note for it, while creating a suspicion that the transaction was a personal affair between the brothers, does not in this case furnish tangible evidence sufficient to sustain such conclusion and overcome the direct evidence of the written instrument bearing the firm signature by one of its members.

2. SAME—*Foundation for the Introduction of Partnership Books of Account.*—The testimony that a person connected with a partnership has stated that the account books of the firm are correct and show all the business transactions of the firm, is at most only a general expression of opinion and not sufficient to entitle such books to be admitted in evidence.

3. PRACTICE—*In Suits Against Two or More Defendants.*—Under the statute of this State a plaintiff may sue two or more defendants whether partners or not, and take judgment against as many as are served with process, and the rest may be made parties to the judgment by summons in the nature of a *scire facias;* but whether they are made parties to the judgment or not, the judgment is valid because the statute authorizes it.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Mr. Justice HORTON dissents. Opinion filed November 8, 1900. Rehearing denied November 23, 1900.

PADEN & GRIDLEY, attorneys for appellant.

WELLS & KELLY, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This suit was originally brought by appellee before a justice of the peace upon a note of which the following is a copy:

"$100.                            CHICAGO, November 21, 1895.

Ten days after date we promise to pay to the order of T. R. Hartray, one hundred and 00-100 dollars, value received.

                              J. H. HARTRAY & Co."

From the judgment rendered against him by the justice, appellant took the case to the Circuit Court, and now appeals from the like judgment there rendered.

It is conceded that at the time the note was executed appellant had formed a copartnership with one James W. Hartray, a brother of the appellee. Said James W. Hartray testifies that he borrowed the money from appellee and used it to pay firm debts, and that he executed and delivered to the latter the note in question. It is contended on behalf of appellant that the money was loaned by appellee to his said brother, appellant's copartner, as an individual, and not to the firm.

The business of the firm, J. H. Hartray & Co., for which appellant furnished the capital, was conducted by James H. Hartray. By the terms of the partnership agreement the latter was required to and did keep books of account, but said books do not show any entry of the receipt of the money represented by the note in controversy. Although the note became due about the first of December, 1895, it appears never to have been presented for payment to appellant, who had meanwhile paid the other firm debts at considerable loss to himself, until about three years after its maturity. It is claimed in behalf of appellant that appellee's conduct shows that the latter considered his brother solely liable for the debt; that he intended to and did make the loan to his brother alone and not to the firm; that appellee testified before the justice when asked why he had not before presented the note to appellant for collection, to the effect

that he did not know appellant was liable until his attorney told him so a few days before the suit was brought.

It thus appears that the maker of the note testifies it was given for money borrowed for firm purposes, while the evidence to the contrary is, the fact that no entry of the debt appears in the firm books, and the fact that the payee of the note held it three years before presenting it for payment and says he did not know during all that time that appellant—in other words the firm—was liable. While these facts create a suspicion that the transaction between the brothers was a personal affair, they do not furnish tangible evidence sufficient to sustain such conclusion and overcome the direct evidence of the written instrument bearing the firm signature by one of its members. We are compelled to the conclusion, therefore, that there was no error in the refusal of the sixth and seventh instructions.

The court did instruct the jury, if they believed from the evidence that appellee loaned the money to his brother and that it did not go into the partnership business, and that when the loan was made appellee did not expect or intend to hold the firm or the appellant liable, and further, if they believed from the evidence that appellee loaned the money to James W. Hartray personally for the latter's personal use and had notice it was to be so used, they should find for the appellant. These properly and sufficiently submitted to the jury the only question in the case.

We regard the evidence sought to be introduced to the effect that James W. Hartray had stated the books were correct and showed all the business transactions of the firm, as properly ruled out. Such statement was at the most a general expression of opinion. Had his attention been called to the absence of any entry showing the receipt by the firm of this particular money, and he had stated the books were correct in that particular, the testimony would doubtless have been admitted.

It is urged that where a suit is brought against the members of a partnership upon a partnership obligation, the judgment should be against all the partners or against none,

and that where only one defendant is before the court it is error to render a judgment against him. In support of this contention the case of Sanduskey v. Sidwell, 173 Ill. 493, is cited. In the case of Sherburne v. Hyde, 185 Ill. 580, the case of Sanduskey v. Sidwell is reviewed and its doctrine materially modified. It is there said (p. 584):

"A plaintiff can not, in any case, bring his action against more than one and less than all of his joint debtors, but under this statute he may sue all, whether partners or not, and take judgment against so many as are served or who appear, and the rest may be made parties to the judgment by summons in the nature of *scire facias*. But whether they are made parties to the judgment or not, the judgment is valid because the statute authorizes it."

In the present case the suit is against both the copartners, and judgment was properly rendered against the one served.

The judgment must be affirmed.

Mr. Justice HORTON dissents.