## Frederick O. Swannell et al. v. Hamilton Byers.

### Gen. No. 12,020.

1. JUDGMENT—*when may be entered as to part defendants only.* Judgment is properly entered against those defendants only who have been served in an action of assumpsit.

2. NON-JOINDER—*when question of, cannot be raised.* The question of non-joinder of defendants cannot be raised after a plea in bar has been filed.

3. AGENCY—*instruction upon subject of, approved.* An instruction upon this subject as follows, is approved :

"You are instructed that if a person knowingly and voluntarily permits another to hold himself out to the world as his agent he will be held to adopt his acts and be bound as principal to the person who gives credit to the one acting as such agent."

4. AGENCY—*instruction upon subject of, approved.* An instruction upon this subject as follows, is approved:

"The jury are instructed that if you believe from the evidence that in the winter of 1899–1900 the defendants knew that C. H. Briggs was acting as their agent, and was buying stocks of goods in their name and operating the Beatrice Mine in their name and for their benefit, and that they voluntarily permitted him to do so; and if you further believe from the evidence that the said C. H. Briggs was so acting and made the contract alleged in plaintiff's declaration, then the defendants would be bound thereby, whether the said Briggs was in fact their agent at the time or not."

5. PARTNERSHIP—*instruction upon subject of, approved.* An instruction upon this subject as follows, is approved:

"The court instructs the jury that to constitute a partnership as to the partners themselves it is only necessary that each of them contribute either capital, labor, credit or skill and care or two or more of these, and that all the contributions are put together into a common stock or common enterprise to be used for the purpose of carrying on business for the common benefit."

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. ALBERT AKERS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed December 8, 1905.

**Statement by the Court.** The evidence in this record tends to show the following facts:

In the year 1899 appellants lived in Chicago. They were all acquainted with each other, and they all knew C. H. Briggs, an experienced miner. During that year appellant Wollin introduced H. G. McCulloch, with whom he had a

slight acquaintance, to appellant Swannell, and McCulloch told Swannell that there was an opportunity to secure a good mine near Nelson, in British Columbia, on which he had an option, and he could ascertain whether the mine was all he expected it to be, provided he could borrow $6,000 to develop it. This money McCulloch wanted to use for the purpose of acquiring certain leases, the purchase of a quantity of ore at the mine, the construction of a trail over which to bring the ore to the smelter, and for operating and developing the mine. Swannell spoke to appellant Sherlock about McCulloch's proposition, and Swannell, Sherlock and Wollin entered into an arrangement with him and advanced money for the purpose of developing the mine. Sherlock and Wollin turned their money over to Swannell, who took the necessary measures to carry on the undertaking. Swannell gave Briggs full instructions and appointed him trustee or agent to care for appellants' interests, with the knowledge and consent of Sherlock and Wollin, and sent him to Nelson, British Columbia.

About $6,700 were sent by appellants to Briggs for the purposes mentioned. All of the parties understood that if the mine proved to be a desirable property and McCulloch's option was secured, Briggs and McCulloch were to be paid for their services and the money which appellants had advanced was to be returned to them. Appellants were then to take over the mine and have a thirty-fortieths interest in it.

At the time appellants advanced the money McCulloch was known to them to be financially irresponsible. Nothing was said or agreed upon as to interest on the money to be advanced and no security of any kind was taken for its repayment from any person.

Briggs went to Nelson in November, 1899, and assumed the management of the operation of the Beatrice Mine, working it as trustee for appellants. In purchasing the necessary goods and supplies he used the name "Beatrice Mine." He opened a bank account with the Imperial Bank at Nelson in the name of "C. H. Briggs, Trustee," and

signed checks by that name in payment for the labor, goods and supplies used. He deposited in this account moneys received from appellants and receipts from ore sent to the smelter.

During all the time Briggs was at Nelson operating the Beatrice Mine McCulloch was with him assisting him and working under his direction. Prior to the purchase of the goods of appellee involved in this suit, Briggs purchased merchandise of appellee for use at the mine and paid for them by checks on the Imperial Bank signed "C. H. Briggs, Trustee." When the goods, the purchase price of which is sued for in this case, were purchased, both Briggs and McCulloch were usually present, and the prices were agreed upon at the time the goods were ordered. All the goods were delivered to Briggs and McCulloch at the mine between November 16, 1899, and March 28, 1900.

Briggs and McCulloch stopped work at the mine in 1900 and left Nelson without paying any part of the account sued on. Before leaving, however, Briggs told appellee that they were waiting for returns from the smelter and that they would pay all accounts before leaving.

Appellee brought suit in the Circuit Court of Cook County against appellants and McCulloch and Briggs as partners doing business as the Beatrice Mine. Briggs and McCulloch were never served with summons. Appellee filed the common counts and an affidavit of the claim. Appellants filed a plea of the general issue and also a plea of non-joint liability with Briggs and McCulloch. The case was tried before the court and jury and at the close of plaintiff's evidence on motion of plaintiff's attorney the case was discontinued as to the defendants Briggs and McCulloch and the pleadings amended accordingly. The trial resulted in a verdict and judgment against appellants for $478.14.

LOOMIS & WILLIAMS, for appellants; F. S. LOOMIS, of counsel.

ALDEN, LATHAM & YOUNG, for appellee; FRED L. DIVINE, of counsel.

Mr. Presiding Justice Smith delivered the opinion of the court.

The record shows that at the trial, on motion of plaintiff's attorney, all papers, pleadings and proceedings were amended by discontinuing the cause as to the defendants H. G. McCulloch and C. H. Briggs. These defendants were not served with process. It is contended by appellants that entering judgment against them only in a suit against them and other defendants who were not served, is error.

This practice has been held to be proper under section 9 of the Practice Act, Sherburne v. Hyde; 185 Ill. 580.

It appeared from the evidence that one Lausten was interested with appellants in the project of operating the mine. Appellants, however, cannot here raise the question of non-joinder of Lausten. That fact could only have been set up by appellants by a plea in abatement filed before pleas in bar were filed. Puschel v. Hoover, 16 Ill. 340; Gilmore v. Nowland, 26 Ill. 201. That question was waived by appellants.

It is contended on behalf of appellants that there is no proof in the case showing a partnership liability.

It appears from the evidence that in the year 1899 appellants agreed to and did advance money for the acquisition of a lease or leases on the Beatrice Mine in British Columbia, for the purchase of ore at this mine, for the construction of a trail over which to carry the ore to a smelter, and for marketing the ore. The evidence shows that this was a preliminary undertaking to investigate and determine the value of the mine with a view to its ultimate purchase and operation by them. Appellants admit that they furnished the money for the above objects, but claim that the money was advanced as a mere loan to McCulloch. But no rate of interest was agreed upon, or time for its repayment. No obligation or security for the repayment of the money was taken. McCulloch was financially irresponsible. The money was not paid over to him. Briggs was the trustee and trusted agent of appellants in the enterprise and hand-

led the money and had the management of the business for appellants. He was authorized to do what he considered necessary in operating the mine for the purposes stated. Briggs, and McCulloch under his directions, purchased the goods shipped by appellee to the mine. The reasonable conclusion from this state of facts is that appellants did not loan the money to McCulloch, but that they engaged in the enterprise as copartners and must be treated as such as to third persons, at least, and if so, they are liable for the goods purchased by Briggs as their trustee or agent in conducting the business which was put in his charge by appellants.

Appellants testified that they appointed Briggs as their trustee and sent him to British Columbia and furnished him with large sums of money to be used in developing the Beatrice Mine. His agency was therefore established by testimony competent for that purpose. This being established, conversations between him and the plaintiff in regard to supplying him with goods was competent, and the objections to the plaintiff's evidence were properly overruled by the court.

Error is assigned upon the giving of each of the three instructions given at the request of the plaintiff, upon the ground that they abandon plaintiff's theory of a copartnership, as alleged in the declaration, and attempt to found a verdict and judgment on the theory of an agency; and further that the third instruction assumes without proof that Briggs acted as agent of appellants in buying goods for their benefit.

The instructions were as follows:

" You are instructed that if a person knowingly and voluntarily permits another to hold himself out to the world as his agent he will be held to adopt his acts and be bound as principal to the person who gives credit to the one acting as such agent.

" The court instructs the jury that to constitute a partnership as to the partners themselves it is only necessary that each of them contribute either capital, labor, credit or skill

and care or two or more of these, and that all the contri-. butions are put together into a common stock or common enterprise to be used for the purpose of carrying on business for the common benefit.

"The jury are instructed that if you believe from the evidence that in the winter of 1899–1900 the defendants knew that C. H. Briggs was acting as their agent, and was buying stocks of goods in their name and operating the Beatrice Mine in their name and for their benefit, and that they voluntarily permitted him to do so; and if you further believe from the evidence that the said C. H. Briggs was so acting and made the contract alleged in plaintiff's declaration, then the defendants would be bound thereby, whether the said Briggs was in fact their agent at the time or not."

We think there is evidence in the case upon which to base these instructions. The propositions of law stated in them are applicable to the facts as proved and are substantially correct. The record contains no reversible error and the judgment is affirmed.

*Affirmed.*