## Alice G. Fleming, Trustee, v. Henry C. Ross.

### Gen. No. 12,337.

1. PARTNERSHIP—*how suit against, must be brought.*   In this State all partners to a partnership obligation should be joined.

2. PARTNERSHIP—*when judgment against co-partner discharged.* Where the holder of a partnership obligation sues and recovers judgment against one of several co-partners, he thereby discharges the co-partners unsued from such obligation, notwithstanding they may be non-residents of the State.

Action of assumpsit.   Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding.   Heard in this court at the March term, 1905.   Affirmed.   Opinion filed March 15, 1906.

**Statement by the Court.**   December 2, 1901, appellant brought an action in assumpsit against Henry C. Ross, Alexander H. Seelye and D. Flanner, but obtained service upon Ross only.   The declaration counted upon two promissory notes executed December 27, 1890, at Wausau, Wisconsin, by the three defendants by the name of Flanner, Seelye & Ross, payable at Wausau to the order of P. B. Champagne; one for the sum of $4,332.33, due in one year from date, and the other for the sum of $4,332.32, in two years from date, each bearing interest at the rate of 8 per cent. per annum.   After various pleas, including the general issue, were filed, the declaration was amended.   Thereafter and on October 13, 1902, Ross filed an additional plea alleging that the notes declared on in the declaration were given for a partnership indebtedness of the then firm of Flanner, Seelye & Ross, and that said partnership was composed of the defendants herein, D. Flanner, Alexander H. Seelye and Henry C. Ross, and that each of the notes was signed in the firm name of Flanner, Seelye & Ross, and not in the individual names of the members of the firm, and that after the giving of said notes, the plaintiff, under

the name and style of Alice G. Fleming, trustee, impleaded
the said defendant, Alexander H. Seelye, in the Circuit
Court of Cook county, Illinois, in the October, 1895, term
of said court, in the year 1895, in a certain plea of tres-
pass on the case on promises, to the damage of the plaintiff
of $10,000, for not performing the very same promises in
said declaration mentioned, and that such proceedings were
thereupon had, that thereafter, at the November, 1895, term
of said court, by the consideration and judgment of said
court, the plaintiff. recovered against the defendant Seelye,
the sum of $8,061.31 damages as well as costs of the plain-
tiff in that behalf, whereof the said Seelye was convicted,
as by the record thereof still remaining in said court will
more fully appear, and that said judgment remains in full
force and effect, as the defendant was ready to verify by
the record.

To this plea appellant replied: That the said defendant,
Henry C. Ross, and the defendant, D. Flanner, at the time
of the commencement of said action in said additional plea
mentioned, and at all times thereafter to and including the
time of the rendition of the judgment in said plea mentioned,
were not residents or inhabitants of or domiciled in the
State of Illinois, or in the county of Cook within said
State, but during all of said time the said defendant, Ross,
was a resident and inhabitant and domiciled in the State
of California, and was not during said time, or any part
thereof, within the jurisdiction of the Circuit Court of Cook
county, Illinois, being the court in which the judgment in
said plea mentioned was rendered, or subject to service of
process issuing therefrom, and that said defendant, Ross,
became a resident and inhabitant of said county of Cook
in said State, and domiciled therein, after the date of the
rendition of said judgment in said plea mentioned, and
not before, and that the judgment in said plea mentioned
is wholly unpaid and unsatisfied.

To this replication Ross filed a general demurrer.

January 7, 1905, a judgment order, reading as follows,
was entered:

"This cause being called for trial, come the parties to this suit, by their attorneys respectively, and said cause having heretofore, on the stipulation of the parties herein, been submitted to the court for trial without a jury, the court now hears all the evidence, oral and documentary, adduced by the respective parties upon the issues joined by the pleadings, and it appearing to the court that the court heretofore, to-wit, on the 25th day of November, 1904, sustained the general demurrer filed by the defendant, Henry C. Ross, to the first replication of the plaintiff to the first additional plea of the defendant, Henry C. Ross, filed October 13, 1902, to the declaration as amended herein; and that the plaintiff on said date elected to stand by said first replication;

"And the court now having heard the arguments of counsel, and being fully advised in the premises, finds that said first additional plea of the defendant, Henry C. Ross, filed October 13, 1902, to the declaration as amended herein, and the judgment therein set forth, constitutes a bar to the cause of action of the plaintiff set out in said declaration as amended.

"Therefore, it is considered by the court that the plaintiff take nothing by her said action, and that the defendant, Henry C. Ross, go hence without day and do have recovery of and from the plaintiff, his costs and charges in this behalf expended, and have execution therefor."

This appeal was then perfected.

MOSES, ROSENTHAL & KENNEDY, for appellant.

ARTHUR HUMPHREY, for appellee.

MR. JUSTICE BALL delivered the option of the court.

Appellant says: "The sole question, therefore, presented by this record for review is the propriety of the action of the trial court in sustaining the general demurrer of appellee to the first replication of appellant to the first additional plea of appellee to the declaration as amended, and its action, in pursuance thereof, in rendering judgment in favor of appellee and against appellant?"

Appellee presents the issue in the following language: "The question now before this court is, does the judgment obtained against Seelye *alone*, in the suit where he *alone* was made party defendant, constitute in law a bar to a second recovery upon the same cause of action in a suit against all three partners, or does the fact that Ross was not a resident of the State of Illinois prevent the application of the well known rule that a former recovery against one of joint obligors constitutes a bar to a recovery against the other joint obligors?"

Section 3, chapter 76, R. S. Hurd, declaring joint obligations to be joint and several, does not apply to partnership obligations. In Sherburne v. Hyde, 185 Ill., 580, the Supreme Court say at page 583: "But as we there held (Sandusky v. Sidwell, 173 Ill., 493), section 3 of chapter 76 of the Revised Statutes, declaring 'all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants,' has no reference to contracts of a copartnership. (Coates v. Preston, 105 Ill., 470.) In other States, by statutes, suits may be brought against one of several partners on a partnership contract. But not so in this State. Here all ostensible members of the copartnership must be joined. (Page v. Brant, 18 Ill., 37.)"

At common law in an action brought upon a joint contract, all of the joint obligors must be made defendants, and as to those defendants not served, the plaintiff is obliged to outlaw them before he is permitted to proceed against those who are served. It was found that in the United States, under this rule, joint obligors, by residing in different States, could practically prevent any recovery upon their joint contracts. To remedy this defect the legislature as early as 1845 enacted what is now section 9 of the Practice Act, which reads: "If a summons or *capias* is served on one or more, but not on all the defendants, the plaintiff may proceed to trial and judgment against the defendant or defendants on whom process is served, and the plaintiff may, at any time afterwards, have a summons, in the nature of *scire facias*, against the defendant not served

with the first process, to cause him to appear in said court and show cause why he should not be made a party to such judgment," etc. In no other way has the common law rule been changed in this State. "A plaintiff cannot, in any case, bring his action against more than one and less than all of his joint debtors, but under this statute he may sue all, whether partners or not, and take judgment against as many as are served or who appear, and the rest may be made parties to the judgment by summons in the nature of *scire facias.*" Sherburne v. Hyde, 185 Ill., 584.

In this case appellee in bringing her action against Seelye alone followed neither the common law rule nor the procedure laid down in said section 9. By taking judgment in that action she merged the joint contracts upon which she sued in the judgment, and thereby precluded herself from afterwards enforcing the same contracts against appellee.

But it is said that where joint obligors reside part in the State and part outside of the State in which suit is brought, to prevent a failure of justice and from necessity, it is permissible to proceed against those residing or found in the State without affecting the liability of the non-resident and non-served joint obligors (Yoho v. McGovern, 42 Ohio St., 16) ; and that under this exception, or rule, appellee is liable in the present action. In this State the reason for this practice is wanting, and therefore such practice is not in force with us. When appellant sued Seelye alone she had an equal right to have sued all of the copartners; but she elected not to do so, and is bound to accept the consequences flowing from her election. These conclusions are supported by Wann v. McNulty, 2 Gilm., 359; Davidson v. Bond, 12 Ill., 85; Thompson v. Emmert, 15 Ill., 416; Evans v. Gill, 25 Ill., 116; Travellers Ins. Co. v. Mayo, 170 Ill., 501; Sherburne v. Hyde, 185 Ill., 585.

The judgment of the Circuit Court is affirmed.

*Affirmed.*