John O'Donnell and M. Carvell, copartners, trading as O'Donnell & Carvell, Defendants in Error, v. W. J. Turnes, H. W. Jones and William Williman, trading as W. J. Turnes Company, Plaintiffs in Error.

## Gen. No. 21,644.

JUDGMENT, § 190*—*when may not be entered against only one of several joint defendants.* Where a summons was issued against only one of several defendants sued jointly on a contract, *held* that a judgment against such defendant only could not be sustained.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed October 10, 1916.

BECKMAN, COTTRELL & PHILLIPS, for plaintiffs in error.

P. J. O'SHEA, for defendants in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

This writ of error brings up for review a judgment rendered in favor of defendants in error (plaintiffs below), against W. J. Turnes, one of the plaintiffs in error (defendants below), in a fourth-class contract action.

It is urged that the judgment is erroneous in that the action was brought against three defendants jointly, while the judgment is against defendant Turnes alone. In examining the record, we find that a summons issued only against defendant Turnes. Section 14 of our Practice Act, Rev. St. ch. 110 (J. & A. ¶ 8551), provides as follows:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"If a summons or *capias* is served on one or more, but not on all of the defendants, the plaintiff may proceed to trial and judgment against the defendant or defendants on whom the process is served, and the plaintiff may at any time afterwards have a summons, in the nature of *scire facias,* against the defendant not served with the first process, to cause him to appear in said court and show cause why he should not be made a party to such judgment; and upon such defendant being duly served with process, the court shall hear and determine the matter in the same manner as if such defendant had been originally summoned or brought into court, and such defendant shall also be allowed the benefit of any payment or satisfaction which may have been made on the judgment before recovered, and the judgment of the court against such defendant shall be that the plaintiff recover against such defendant, together with the defendant in the former judgment, the amount of his debt or damages, as the case may be."

It appears from plaintiff's statement of claim that the liability of the defendants was joint, hence the judgment must be against all or none. Section 14, *supra,* provides that if service of summons has not been had upon all of the defendants, plaintiff may proceed to judgment against those who have been served, and thereafter make the defendants not served parties to such judgment by summons in the nature of *scire facias.* This provision of the statute, however, contemplates that a summons must first issue against all of the joint defendants before proceeding to judgment against any. In *Sherburne v. Hyde,* 185 Ill. 580, it was held, p. 584:

"In other States, by statute, suits may be brought against one of several partners on a partnership contract. But not so in this State. Here all ostensible members of the co-partnership must be joined. (Citing *Page v. Brant,* 18 Ill. 37.) They are declared against as partners, and the statute confers no authority to sue and declare against one, only, as in the case

of other joint debtors.''

And on page 585 the court cites with approval the following language from *Evans v. Gill,* 25 Ill. 116, which is applicable to the case at bar.

''At the common law, where several defendants were sued upon a joint contract, the plaintiff was not entitled to judgment against any of them until all were served with process, or until those not served were prosecuted to outlawry. \* \* \* But to remedy the inconveniences of the common law practice, the statute has provided that a return of *non est inventus* as to a part of the defendants shall authorize the plaintiff to proceed to trial and judgment against those upon whom service has been had, and authorizes the issuing of a summons in the nature of a *scire facias,* to make the defendants not served parties to the judgment.''

In view of the foregoing provision in our statute, and the holding of our Supreme Court in *Sherburne v. Hyde, supra,* we are of the opinion that the trial court erred in entering judgment against the defendant Turnes alone.   Accordingly the judgment will be reversed and the cause remanded.

*Reversed and remanded.*