George Mulligan, Appellee, v. Frederick Alsen et al. (Defendants). Standard Trust & Savings Bank (Garnishee), Appellant.

Gen. No. 26,489.

1. GARNISHMENT—*want of jurisdiction over original defendant as affecting judgment against garnishee.* In a garnishment suit, if the court had no jurisdiction over the original defendants, a judgment against the garnishee will be void.

2. GARNISHMENT—*right of garnishee on appeal as to errors in proceedings against original defendants.* Errors or mere irregularities in the proceedings against the original defendants cannot be urged on appeal by the garnishee alone.

3. JUDGMENT—*validity when against one of several defendants sued as partners.* Under section 26 of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 26) and section 14 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 14) a judgment taken against one of several defendants, sued as partners, is valid.

4. PARTIES—*defendant not served as party to judgment in suit against partners.* A summons in the nature of a scire facias may make a defendant not served a party to the judgment in a suit against partners as in cases of other joint debtors.

5. GARNISHMENT—*presumption that deposit in bank as "agent" belonged to depositor individually.* In an attachment suit against partners where the fund attached was a deposit in the garnishee bank in the name of one of the partners, designated in the account as "agent," the term "agent" will, in the absence of any evidence that he controlled the account as an agent or trustee for some particular person or persons, be deemed merely *descriptio personæ,* and it will be presumed that the account belongs to the depositor individually.

6. COSTS—*liability of garnishee making defense.* When no good reason is shown on appeal why a garnishee making a defense is not liable for costs, the judgment against him therefor will be affirmed.

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed November 29, 1921.

CASTLE, WILLIAMS, LONG & CASTLE, for appellant; LLOYD M. BROWN, of counsel.

Frank P. McGinn, for appellee.

Mr. Justice Barnes delivered the opinion of the court.

This is an attachment suit brought against Frederick Alsen and G. C. Martin, trading as Alsen & Martin and as Alsen & Company, in which appellant was served as garnishee. The return of the writ shows service thereof on Alsen, and that no property of defendants was found on which to levy, but nothing with regard to service on Martin. The court sustained the attachment and entered judgment against Alsen for $1,500. He has not appealed.

The garnishee denied indebtedness to the defendants or either of them individually, but admitted that "it carried a deposit by Frederick Alsen, agent," the same person as the defendant Alsen, who opened and drew on the account in the name of F. A. Alsen, agent. From a judgment for $1,190.60, the balance left in said account, and costs against the garnishee, this appeal is taken.

Appellant urges (1) that the judgment against Alsen individually is void; (2) that consequently that against the garnishee is void; and (3) that the garnishee is not liable for costs.

On the first point it is contended that if personal service could not be had on the codefendant Martin, notice by publication should have been given, as provided in section 22 of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 22), and that without service of process on him the court could not proceed to hear the merits of the issues. If the court was without jurisdiction then, of course, the second point is well taken and the judgment against the garnishee is void. (*Pierce v. Carleton*, 12 Ill. 362; *Iroquois Furnace Co. v. Wilkin Mfg. Co.*, 181 Ill. 582.) But if the court had jurisdiction, neither point is tenable, and if there were errors or

mere irregularities in the proceedings against the original defendants, they alone could raise such questions. (*Empire Car-Roofing Co. v. Macey*, 115 Ill. 390; *Dennison v. Taylor*, 142 Ill. 45; *Hogue v. Corbit*, 156 Ill. 544.)

That the court had jurisdiction of Alsen and the subject-matter cannot under our practice be questioned. Under section 26 of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 26) the practice in attachment suits shall, except as otherwise provided by said act, conform to that in other suits at law, and under section 14 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 14) judgment taken against one of several defendants, sued as partners, is valid (*Felsenthal v. Durand*, 86 Ill. 230; *Sherburne v. Hyde*, 185 Ill. 580), and a summons in the nature of a scire facias may make a defendant not served a party to the judgment in a suit against partners as in cases of other joint debtors. (*Sherburne v. Hyde, supra.*) And under section 7 of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 7) the power is expressly given to proceed against one joint debtor where the others are not served.

There would seem, therefore, to be no question as to the validity of the judgment against Alsen and the right to proceed thereon in attachment against the garnishee.

And we think the evidence was sufficient to show the indebtedness of the garnishee to Alsen. There was no proof to show that the account in question belonged to any other person than Alsen, and in the absence of any evidence to show that he in fact controlled the account as an agent or trustee for some particular person or persons, it will be presumed the account belonged to him individually, and the term "agent" will be deemed merely *descriptio personæ*. (*Young v. First Nat. Bank of Cairo*, 51 Ill. 73.)

No good reason is assigned why the garnishee in

making an unsuccessful defense is not liable for costs. Accordingly the judgment will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.