WILLIAM STEPHENS *et al.*, Plaintiffs in Error, *v.* THOMAS CROSS, and RICHARD BROWN, Defendants in Error.

| 27 | 35 |
|---|---|
| 105a | ²628 |

### ERROR TO PERRY.

Upon an appeal from a justice of the peace, the Circuit Court should try the cause *de novo*, and it is error to dismiss the suit because the justice rendered judgment against two defendants when he had only obtained jurisdiction over the person of one of them.

If a justice of the peace renders judgment against two defendants when only one has been brought into court, and the defendant who was served appeals the case and fails to prosecute his appeal, the Circuit Court may affirm the judgment as to him, and reverse it as to the other who has not been served.

THE plaintiffs in error commenced a suit before a justice of the peace in Perry county, on an account under $100 against the defendant in error and Richard Brown, which account was for goods sold by the plaintiffs to the said Cross and Brown as partners.

The defendant in error was regularly served with process in the suit so commenced before the justice, but although both defendants were named in the summons, and the summons was regular in form, Brown was not served with process, nor did he appear or in anywise waive the service of the process or confess judgment, but the justice on the day of trial rendered judgment against the defendant in error and Brown.

The defendant appealed to the Circuit Court of Perry county, Brown not joining in the appeal, and on motion of defendant in error, the suit before the justice was dismissed as to both the defendant in error, and Brown, his co-defendant before the justice.

The plaintiffs in error bring the case by writ of error into this court, and seek to reverse the judgment of the Circuit Court of Perry county, because they say that the said court erred in dismissing the suit before the justice on the motion of the defendant in error.

This cause was submitted *ex parte.*

R. S. NELSON, for Plaintiffs in Error.

WALKER, J. Plaintiffs in error instituted a suit before a justice of the peace of Perry county, on an account against defendant in error, and Richard Brown, as partners. The summons was regularly served on defendant in error, but Brown was not served, nor did he enter his appearance before the justice of the peace. The plaintiffs in error proceeded to trial, and recovered a judgment against both defendants. An appeal was prosecuted to the Circuit Court, and on motion of defendants in error the suit was dismissed. The plaintiffs prosecute this writ of error to reverse that judgment.

The 26th section of the act regulating the duties of justices of the peace and constables, authorized the rendition of judgment against such defendants as have been served with process. It provides, that, "Where there are several joint debtors, and all cannot be served with process, the justice may render judgment against such as are served with process." From this

provision it is perfectly manifest, that the justice of the peace had power to proceed to trial and render judgment against defendant Cross, but had no power, unless Brown had entered his appearance, to render judgment against him. As to him there was no jurisdiction.. But the 66th section of the same act provides, that on the trial of appeals in the Circuit Court, no exception shall be taken to the form or service of the summons, nor to any proceeding before that officer ; but the court shall hear and determine the same, in a summary manner, according to the justice of the case.

This latter section has expressly prohibited the allowance of any exception to the proceedings before the justice. It has required a trial *de novo*. And in this case, notwithstanding the justice of the peace erred in rendering judgment against Brown, he had jurisdiction of Cross, and by his appeal the Circuit court acquired the same jurisdiction which the justice had, and as required by the 66th section of the statute aforesaid, should have heard the cause and rendered judgment on the merits. The court below erred in allowing exception to the judgment of the justice, and in dismissing the suit. The trial should have been had against Cross. Or if the defendant had failed to prosecute his appeal, and the court had not acquired jurisdiction of the person of Brown, the judgment might have been affirmed as to Cross, and reversed as to the other defendant.

The judgment of the Circuit Court must be reversed, and the cause remanded.

*Judgment reversed.*