## CHARLES FABBRI

## v.

## MARY CUNIO.

1. APPEAL FROM JUSTICE OF THE PEACE—PRACTICE—SUMMONS TO CO-DEFENDANT.—A defendant against whom no judgment was rendered in the trial before the justice, need not be summoned to appear in Circuit Court as a party defendant, on appeal by a co-defendant against whom a judgment was rendered below.  In perfecting an appeal, it is necessary to bring before the Circuit Court only those persons who were parties to the judgment appealed from.

2. SECONDARY EVIDENCE—RECORD OF DEED.—Before a party is entitled to read in evidence the record of a deed, it is incumbent upon him to show by proper proof, that the original deed is lost, or not in his power to produce in court; and that to the best of his knowledge, it was not intentionally destroyed or disposed of for the purpose of introducing a copy thereof as evidence.

3. PREMATURE ACTION—PERFORMANCE OF CONDITION PRECEDENT.—The testimony showed that the money, which was the subject matter of the suit, was to be paid upon the dismissal of a certain suit then pending.  This action was brought before dismissal of such suit.  *Held*, that the dismissal of the former action was a condition precedent to payment of the money, and an action begun before such dismissal, was prematurely brought.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. E. HANECY, for appellant; upon the question of suit being prematurely brought, cited Mullett v. Shrumph, 27 Ill. 110; Dickerson v. Sutton, 40 Ill. 403; 2 Pick. 368; 3 Wend. 479; 17 Wend. 419. .

Fabbri v. Cunio.

Messrs. M. A. Rorke & Son, for appellee; that a compromise of a legal claim or right is a sufficient consideration to support a promise to pay, cited Foster v. Allanson, 2 T. Rep. 479; Miller et al. v. Hawker, 66 Ill. 185; McKinley v. Watkins, 13 Ill. 140; 1 Wm. Saund. Rep. 210; 1 Par. on Con. 440; Burnside v. Potts, 23 Ill. 411; Honeyman v. Jarvis, 79 Ill. 318; Buchanan v. International Bank, 78 Ill. 500.

As to the introduction of a certified copy of a deed as evidence: Rev. Stat. 836, § 21; R. R. I. & St. Louis R. R. Co. v. Lynch et al. 67 Ill. 149; Rev. Stat. 299, §§ 35, 36.

As to admission of testimony of a husband in a suit where the wife is a party: Rev. Stat. 489, § 5; Straubher et al. v. Mohler, 80 Ill. 21.

Upon the point of preponderance of testimony: Murray v. Haverty 70 Ill. 318; White v. Stanbro, 73 Ill. 575; Hudson v. Hadden, 82 Ill. 265; Peoria A. & D. R. R. Co. v. Sawyer, 71 Ill. 361; Carpenter v. Davis, 71 Ill. 395; Ryan v. Donnelly, 71 Ill. 100; Crist v. Wray, 76 Ill. 204.

Error cannot be assigned on behalf of a party who does not appear, and has not been served; Stewart v. Hibernian Banking Ass'n, 78 Ill. 596; VanValkenberg v. Trustees of Schools, 66 Ill. 103; Clark et al. v. Marfield, 77 Ill. 258; Horner v. Zimmerman, 45 Ill. 14 ; Cromine v. Tharp, 42 Ill. 120 ; Tibbs v. Allen 27 Ill. 119; Henrickson v. Van Winkle, 21 Ill. 274; Richards v. Green, 78 Ill. 525; Fonville v. Sausser, 73 Ill. 451; Havighorst v. Lindberg, 67 Ill. 463.

Bailey, J.   In this case appellee brought suit before a justice of the peace against Charles Fabbri, the appellant, and Sarah Fabbri, his wife.   Summons was duly served on both of the defendants, and upon a trial before the justice of the peace, a judgment was rendered in favor of appellee against appellant alone, for $200 and costs.   As to the other defendant, judgment was rendered in her favor against appellee.

From this judgment appellant took an appeal to the Circuit Court of Cook county, where the issues between him and appellee were again tried, resulting in a verdict for appellee, and a judgment in her favor against appellant for $200 and costs.

16

It is objected that the judgment in the Circuit Court was erroneous, because no summons was issued to Sarah Fabbri, and she was not made a party to the proceedings in that court upon the appeal.

The section of the statute under which it is insisted that summons should have issued to Sarah Fabbri before a trial could properly be had in the Circuit Court, is as follows:

"When an appeal shall be taken by one of several parties from the judgment of a justice of the peace, the clerk of the court shall issue a summons against the other parties, notifying them of the appeal in the said court, and requiring them to appear and abide by and perform the judgment of the court in the premises, which summons shall be served as other process issued in appeal cases, and in case such summons shall be returned that parties are not found, the cause shall, at the first term of the court, be continued, but at the second term may be tried, and the court shall have power to give the same judgment as though *all the parties to the judgment* had joined in the appeal, unless the appearance of the appellee shall be entered as herein provided." R. S. 1874, Chap. 79, Sec. 70.

Under this section it was necessary to bring before the Circuit Court only the persons who were the parties to the judgment appealed from. While it is true that both Charles and Sarah Fabbri were sued, the judgment from which the appeal was taken was rendered against Charles alone. The other defendant had established her defense, and a separate judgment was rendered in her favor against appellee. She was not, within the meaning of the statute above quoted, a party to the judgment against her co-defendant. For all the purposes of the appeal she was to be treated the same as though she had never been joined in the suit.

The object of the statute is to provide, in cases where one of several joint parties to a judgment appeals, for bringing before the court the other joint parties, so that upon trial a proper judgment may be rendered against them all.

Where, however, upon a trial before a justice of the peace, part of the defendants succeed in establishing their defense,

and judgment is rendered against the remaining defendants alone, the defendants against whom judgment is rendered cannot by appealing, subject their co-defendants who have successfully defended, to a re-trial of the suit. We think in this respect there was no error in the proceedings of the Circuit Court.

The circumstances out of which the indebtedness for which this suit was brought arose, are briefly as follows: On the 15th day of August, 1871, appellee's husband, Joseph Cunio, being the owner of a house on Van Buren street, Chicago, and of a leasehold interest in the lot on which said house stood, conveyed said premises to appellant in consideration of $1,200 cash, and a house and lot on West Chicago Avenue. In consummation of this trade, appellant and wife, with the consent of said Joseph Cunio, executed a deed with covenants of warranty, purporting to convey said West Chicago Avenue property to appellee. This deed was duly recorded, and at the time of the great fire of October 9th, 1871, both the deed and record were destroyed.

In March, 1872, appellant and wife executed to appellee a second warranty deed for said premises, which was filed for record March 15th, 1872. Subsequently an action of ejectment was commenced against appellee and others by one Ferdinand Lubecke, to recover said West Chicago Avenue property, which resulted in a judgment against appellee and her co-defendants, whereby appellee was evicted from said premises. Appellee thereupon brought her action in covenant against appellant and wife, upon the covenants contained in said second warranty deed. While this suit was pending, certain negotiations for settlement were had between appellee on the one hand, and appellant and certain other parties, who were also liable to appellee on their covenants as remote grantors of said premises, on the other, which resulted in an agreement by which said remote grantors severally agreed to pay, and did pay, appellee certain sums of money. There is evidence tending to show that appellant also on his part agreed with appellee that if she would dismiss her suit he would pay her $200, and she brings this suit to recover that sum.

Upon the trial in the Circuit Court, appellee proved that the original deed, executed in March, 1872, was at the time of the settlement with one of said remote grantors, handed to him, and that he and not appellee, controlled it. Upon this evidence appellee was permitted, against the objection of appellant, to read in evidence the record of said deed. This, we think, was error.

Before appellee was entitled to read in evidence said record, it was incumbent on her to prove by her own oath, or that of her agent or attorney, that the original deed was lost or not in her power, and that to the best of her knowledge said original was not intentionally destroyed, or in any manner disposed of for the purpose of introducing a copy thereof in place of the original. R. S. 1874, Chap. 30, Secs. 35 and 36.

The testimony offered manifestly came short of laying a proper foundation for the introduction in evidence of this record. Even though the deed had been handed to and was under the control of a third party, it does not follow that it was not within her power. So far as appears, she might have obtained it on request or compelled its production by a *subpœna duces tecum.* Nor was it made to appear that the original was not placed in the hands of a third party for the purpose of introducing a copy. This proof should have been required before admitting the record in evidence.

The further point is made by appellant that the suit was prematurely brought. Appellee's own testimony of the agreement between her and appellant, as appears by the record, was as follows: "It was a part of the agreement between me and Fabbri that I was to dismiss the suit if he would pay me $200. I had to dismiss the suit. He told me to dismiss the suit and he would pay me $200."

According to this testimony the dismissal of the suit by appellee would seem to have been made a condition precedent to the payment of the money by appellant. This suit was commenced before the justice of the peace for the recovery of said money, April 21st, 1876, and the order dismissing said suit seems to have been entered April 26th, 1876. It is true, appellee testifies that she dismissed her suit in the morning, and

sued appellant in the afternoon of the same day. In this she is clearly disputed by the record, and as the trial of her suit before the justice of the peace took place April 26th, 1876, it is to be presumed she had reference in her testimony to the trial, and not to the issuing of summons, when she speaks of the time she "sued" appellant.

Upon the trial there was a considerable conflict of testimony as to the terms of the agreement between appellant and appellee in relation to the payment of this $200. Appellant's testimony tends to show that this money was to be paid for an entirely different consideration from that sworn to by appellee, and that such payment was to be made upon certain conditions which had not happened.

As this cause must be remanded for a new trial, we forbear to express any opinion as to the preponderance of the evidence on these questions, but for the errors above pointed out the judgment must be reversed and the cause remanded.

Reversed and remanded.