Ernst v. Friedl.

### Joseph H. Ernst v. Lena Friedl, for use, etc.

1. PRACTICE—*On Appeals from Justices of the Peace by One of Several Parties.*—When an appeal is taken by one of several parties from the judgment of a justice of the peace, the statute requires the clerk of the court to which such appeal is taken, if the appearance of the parties is not entered, to issue a summons against the other parties, and it is error to proceed with the trial of the case without doing so.

Assumpsit, on a due bill. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed January 15, 1901.

ERNEST SAUNDERS, attorney for appellant.

ARNOLD TRIPP, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was commenced before a justice of the peace by the appellee against the appellant and one Mathias Schmitz.

The claim of appellee is upon a due bill given by, and in the name of, the firm of Ernst & Schmitz. The summons issued by the justice of the peace was served upon Ernst but there was no service upon Schmitz. The justice entered judgment against Ernst only, and he prosecuted an appeal to the Circuit Court. The appellee entered a formal appearance in writing in that court. No summons was issued, and no appearance of Schmitz was entered in the Circuit Court. Upon the trial in that court there was a verdict and judgment against the appellant, Ernst, only.

The statute (Sec. 180, Ch. 79, Hurd's Statute of 1898) provides as follows:

"When an appeal shall be taken by one of several parties from the judgment of a justice of the peace, the clerk of the court shall issue a summons against the other parties, notifying them of the appeal in the said court, and requiring them to appear and abide by and perform the judgment of the court in the premises, which summons shall be served as other process issued in appeal cases; and in case such summons shall be returned that parties are not found, the cause shall, at the first term of the court, be continued, but at the second term may be tried; and the court shall have power to give the same judgment as though all the parties to the judgment had joined in the appeal, unless the appearance of the appellee shall be entered as herein provided."

In the brief for appellee it is stated that Mathias Schmitz is dead but that nowhere appears in the record. Under the provisions of the section of the statute quoted above, and presuming, as we must, that Schmitz was living, it was error to proceed with the trial of said cause in the Circuit Court when no summons had been issued and no appearance entered by or for said Schmitz. If he was dead, as stated in appellee's brief, that fact should have been suggested of record. The record shows a proceeding and judgment against one member of a firm, upon a firm obligation, without in any way accounting for the omission to include in the proceeding the other member of the firm. That was error.

The judgment of the Circuit Court is reversed and the cause remanded.