Gormley v. Hartray.

---

## James H. Gormley v. Thomas R. Hartray.

1. APPEALS—*Only Persons Who Were Parties to the Judgment Appealed from Need be Summoned.*—In perfecting an appeal it is necessary to bring before the Circuit Court only those persons who were parties to the judgment appealed from.

2. PRACTICE—*Where But One Partner Has Been Served in a Suit Brought upon a Joint Obligation.*—Where but one of the partners has been served in a suit brought upon a joint obligation, the others not appearing, judgment may be taken against the partner who is served, and the others may be afterward brought in by *scire facias.*

3. PROMISSORY NOTES—*Duty of Maker to Take up His Paper.*—It is the duty of the maker of a promissory note, not payable at a particular place, to find his paper and take it up.

4. SAME—*When Demand of Payment is Necessary.*—A demand of payment of a promissory note is necessary only to fix the liability of an indorser or of a surety.

5. SAME—*Made Payable at a Particular Place—Demand.*—If a promissory note is made payable at a particular time and place, it is not necessary to aver or prove a demand at the place in order to recover.

6. INSTRUCTIONS—*Telling the Jury They Should Consider the Evidence " In the Light of the Knowledge Which You Have Obtained as Men of Affairs."*—An instruction which tells the jury that they should consider the evidence " in the light of the knowledge which you have obtained as men of affairs " is abstract. It does nothing more than to tell the jury to do what they could not honestly refrain from doing—that is, to use their common sense and experience.

7. WITNESSES—*The Question Put to the Witness Called to Impeach Another Should be Substantially Identical with the Original Question.* —In common fairness to a witness whom it is attempted to impeach by showing that at another time and place he stated what on his examination he declares he does not remember, the question put to the witness called to show such statement should be identical, or at least substantially identical, with the original question.

**Assumpsit,** upon a promissory note. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed January 26, 1903.

This is a suit upon a promissory note, payable on demand, dated December 3, 1895, to the order of appellee for the sum of $100, with interest at six per cent, signed by J. W. Hartray & Co. In December, 1895, prior thereto and for a little time thereafter, appellant and one J. W. Hartray were in partnership under the foregoing name in the purchase and sale of lumber. Hartray managed the business and kept the firm books. The partners are cousins, and appellee and J. W. Hartray are brothers. In 1896 the partnership was dissolved and J. W. Hartray disappeared for the time being. Appellant found that the partnership was insolvent. He ascertained its liabilities, as far as he could, and paid them with his own money. The brothers Hartray about this time fell out concerning their financial matters, but were afterward reconciled. The main defense

attempted to be made by appellant to this suit is that the note in question is not an obligation of the firm, but was made by the brothers for the purpose of defrauding him.

The case was begun in a justice court, where a separate judgment was rendered against appellant, the summons against J. W. Hartray being returned "not found." From this judgment appellant took an appeal to the Circuit Court. The case was there tried three times. The first verdict was in favor of appellee, the second was in favor of appellant. Each of these verdicts was set aside and a new trial granted because of intervening errors. The third trial resulted in a judgment against appellant. From this judgment he perfected this appeal.

GRIDLEY, CULVER & KING, attorneys for appellant.

WELLS & KELLY, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

First. Appellant says that this case has never been at issue because he alone was served; that his partner was not served in the justice court nor in the Circuit Court; nor was a summons issued for him in the latter court and returned "Not found," as required by the statute. To sustain this contention appellant relies upon Sec. 30, Chap. 79, Hurd's R. S. (1898), the material parts of which, as applicable to this case, we will hereinafter quote. This section was numbered 80 in the justice of the peace act as it stood prior to 1895. In 1895 this act was entirely revised by an act entitled, "An act to revise the law in relation to justices of the peace and constables." From this revision some fourteen sections of the old act (including in that number this section, now 180, then 80) were wholly omitted. Upon the hypothesis that this section is still in force, as to which we express no opinion, appellant is not helped thereby, for we think that it has no application to this case, because it applies to those parties only against whom the justice rendered judgment, and does not in any way affect parties

defendant who were not served before the justice and against whom no judgment was or could be rendered. It reads:

" When an appeal shall be taken by one of several parties from the judgment of a justice of the peace   *   *   * the court shall have power to give the same judgment as though all the parties to the judgment had joined in the appeal, unless the appearance of the appellee shall be entered as herein provided."

In an appeal by one of two partners from the judgment of a justice of the peace against him alone, the other partner not having been served, the Circuit Court acquires the same jurisdiction which the justice had. The other partner, who was not served, and against whom no judgment was rendered, need not be summoned to appear in the Circuit Court. But the Circuit Court should hear and determine the case for or against the partner who appealed. This Court, in Fabbri v. Cunio, 1 Ill. App. 240, held:

" A defendant against whom no judgment was rendered in the trial before the justice need not be summoned to appear in the Circuit Court as a party defendant, on appeal by a co-defendant against whom a judgment was rendered. In perfecting an appeal it is necessary to bring before the Circuit Court only those persons who were parties to the judgment appealed from."

To the same effect are Stephens v. Cross, 27 Ill. 35, and Smith v. Irwin, 5 Gilm. 268.

Again: Where but one of the partners has been served in a suit brought upon a joint obligation, the others not appearing, judgment may be taken against the partner who is served, and the others can afterward be brought in by scire facias. Sherburne v. Hyde, 185 Ill. 582. Section 10 of the practice act, relating to sci. fa., and section 45 of the justice act, concerning the same writ, are in substance the same.

Second. Appellant says that no demand for payment was made upon him before the suit was commenced, and therefore this suit was prematurely brought. This proposition is not the law. It is the duty of the maker of a promissory note, not payable at a particular place, to find his

paper and to take it up.   The demand is by the maker upon
the holder.   A demand of payment is necessary only to fix
the liability of an indorser or of a surety.   Allen v. Right-
mere, 20 Johnson, 365.   In Hunt v. Divine, 37 Ill. 137, 144,
the Supreme Court say:

"A promissory note payable on demand, as against the
maker, can be prosecuted to judgment without averring or
proving any demand.   So if it is made payable at a par-
ticular time and place, it is not necessary to aver or prove a
demand at the place in order to recover.   Butterfield v.
Kinzie, 1 Scam. 445; Armstrong v. Caldwell, Ib. 546.   In
Wallace v. McConnell, 13 Peters, 136, it is likewise held
that in actions on a promissory note against the maker,
when the note is made payable at a specified time and place,
it is not necessary to aver in the declaration and prove on
the trial that a demand was made in order to maintain the
action.   But if the maker was at the place at the time
specified, and was ready and offered to pay the money, it
was matter of defense to be pleaded and proved on his part.
This is the doctrine of all the courts of this country."

Third.   Appellant complains that certain instructions he
tendered were not given to the jury.

Number 2, telling the jury that they should consider the
evidence "in the light of the knowledge which you have
obtained as men of affairs," is abstract.   Further, it did
nothing more than to tell the jury to do what they could
not honestly refrain from doing—that is, to use their com-
mon sense and experience.   Number 6 has no basis in the
evidence.   Number 8 is covered by number 14, which was
given.   The law as laid down in number 10 is substantially
set forth in given instruction number 11.   Number 16 has
no foundation in the evidence.   A careful examination of
the evidence and of the instructions given and refused con-
vinces us that the learned trial judge did not err in this
regard.

Fourth.   Upon cross-examination of J. W. Hartray he
was asked this question and made this answer:

"Q.   You may state whether or not you stated to James
H. Gormley, at 78 Randolph street, during the month of
February, 1896, in the presence of Mr. Gormley, A. B.
Pichereau and Stephen Havighorst, that there were no obli-

gations of the J. W. Hartray Co., other than those shown in the ledger which has been introduced and marked Defendant's Exhibit ' B ? ' A. I don't remember."

Intending to contradict this answer, appellant called the witness Havighorst, who testified :

" I have examined the day-book, cash-book and journal of J. W. Hartray & Co. for the months of November and December, 1895, and they show no entry of these transactions. I have examined the books all the way through and Thomas R. Hartray's name does not appear in those books in any way, shape or manner."

" Attorney for plaintiff : We will admit that these books do not show this transaction."

" Q. In February, 1896, were you present at the office of Bullard & Gormley, 78 Randolph street, and hear Mr. J. W. Hartray make any statement that these books, offered in evidence, showed all the business transactions of the firm of J. W. Hartray & Co. ? "

To this question an objection was made which the court sustained. Appellant excepted, and now urges the sustaining of this objection as reversible error. The question asked Hartray and his answer thereto that he " did not remember," laid the foundation for the putting of an impeaching question. Ray v. Bell, 24 Ill. 444. But in common fairness to a witness whom it is attempted to impeach by showing that at another time and place he stated what on his examination he declares he does not remember, the question put to the witness called to show such statement should be identical, or at least substantially identical, with the original question. That question shows appellant, A. B. Pichereau and Stephen Havighorst present, and " that there were no obligations of the J. W. Hartray Co. other than those shown in the ledger." The question asked Havighorst fails to state that either appellant or Pichereau was present, and the statement was " that these books offered in evidence showed all the business transactions of the firm of J. W. Hartray & Co." We are of the opinion that the original question was not as closely adhered to as the law requires, and that therefore the objection was properly sustained.

The judgment of the Circuit Court is affirmed.