DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

## DURING THE YEAR 1905.

---

### L. A. Dickerson and E. M. Allison v. Walter L. Johnson.

#### Gen. No. 11,038.

1. FORCIBLE DETAINER—*when Circuit Court acquires jurisdiction of appeal.* The Circuit Court acquires jurisdiction of the subject-matter of an appeal from a judgment in forcible detainer where the bond has been entered into before the justice and the bond and transcript duly filed in the office of such Circuit Court.

2. JURISDICTION—*when Circuit Court has, at particular term.* Where an appeal is taken from a judgment of a justice of the peace and perfected so as to give the court jurisdiction of .the subject-matter at a particular term, the appellee may, by his voluntary appearance at such term, give the court full jurisdiction of both the subject-matter and the parties.

Appeal from justice of the peace. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 21, 1905.

GEORGE D. RICKEY and WILLIAM EUGENE BROWN, for plaintiffs in error.

GEORGE W. BROWN, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

June 16, 1902, was the first and July 19 the last day of

( 325 )

the June term of the Circuit Court of Cook county. June 17 appellant filed before the magistrate a bond for an appeal from a judgment in forcible entry and detainer rendered against him June 13. June 18 a transcript of the judgment and the papers in the case were filed in the Circuit Court. June 25 an order was made that the surety on the appeal bond justify in open court within ten days. July 12 the appeal was dismissed for non-compliance with the order of June 25. By the filing of the bond before the justice June 17 and the filing of a transcript of the judgment appealed from in the Circuit Court June 18, 1902, the Circuit Court acquired jurisdiction both of the subject-matter and of the person of the defendant, who took the appeal, and from that time the appeal was pending in the Circuit Court. True, the Circuit Court did not thereby then acquire jurisdiction of the person of the plaintiff, and but for his voluntary act would have acquired no jurisdiction over him until the July term. But he voluntarily, at the June term, entered his appearance and moved for a rule that the surety on the appeal bond justify in open court. He thereby submitted himself to the jurisdiction of the court and from that time the court had jurisdiction of the parties and of the subject-matter. Appellant insists that the decisions in Ryder v. Meyer, 66 Ill., 40, and Baines v. Kelly, 73 id., 181, are conclusive against the power or authority of the Circuit Court in this case to make, at the June term, 1902, the orders in question.

The statute of 1865, providing for appeals to the Circuit Court in actions of forcible entry and detainer, provided that "At the next or any succeeding term of such Circuit Court the Judge thereof may, if said action is continued, require a new bond to be given by the defendant," etc. Laws of 1865, 108.

The statute of 1872 which took effect July 1, 1872, in relation to the same matter, which was in force when the appeal in this case was taken, provided that "the court in which the appeal may be pending may require a new bond," etc. Laws of 1871-2, 459. The appeal from the justice of the peace in Ryder v. Meyer, *supra,* was taken April 3, 1872,

a day of the March term of the Circuit Court. The April term began on April 15 and on April 10 at the March term the court made an order for an additional bond in three days and April 20, at the April term, dismissed the appeal for failure to comply with the order of April 10. The Supreme Court held that the statute of 1865 which was in effect at the time the appeal from the justice was taken, only authorized the Circuit Court to make an order for a new bond at the next term after the appeal, or some subsequent term and reversed the judgment. The appeal to the Circuit Court in Baines v. Kelly, *supra,* was taken in 1874 when the statute of 1872 was in force, but we think it clearly appears from the opinion in the case that the attention of the Supreme Court was not called to the change in the statute. The opinion begins as follows: "We do not perceive that this case differs in principle from that of Ryder v. Meyer, 66 Ill. 40." The change in the statute is not discussed nor even mentioned in the opinion.

With much hesitation we have reached the conclusion that the case of Baines v. Kelly, based as it expressly was upon the case of Ryder v. Meyer, which arose under the statute of 1865, is not to be regarded as a construction by the Supreme Court of the statute of 1872. The statute in force when the appeal to the Circuit Court in this case was taken, in express terms provided that "the court in which the appeal may be pending may require a new bond," etc.

We have already stated that in our opinion the appeal was pending in the Circuit Court and the court had jurisdiction over the parties when the orders in question were made. We think the Circuit Court had jurisdiction and authority to make the orders in question at the time they were made and the order and judgment of that court will therefore be affirmed.

*Affirmed.*