Jackson v. Sherman House Hotel Co.

# William F. Jackson, et al., v. Sherman House Hotel Company.

## Gen. No. 11,731.

1. APPEAL FROM JUSTICE—*when error to dismiss.* It would be error to dismiss an appeal for want of prosecution where such appeal was taken in the Circuit Court unless summons had been served upon the non-appealing party, or an original and an alias summons has been returned "not found," or the appearance of such non-appealing party had been entered in writing ten days before the term at which such order was entered.

2. APPEAL FROM JUSTICE—*when court has jurisdiction of.* Where the defendant before the justice takes the appeal and perfects it in the Circuit Court and the plaintiff before such justice voluntarily enters his appearance in the cause, the Circuit Court acquires jurisdiction both of the parties and of the subject-matter.

3. APPEAL FROM JUSTICE—*when Circuit Court has jurisdiction to enter rule to justify.* The Circuit Court has jurisdiction to enter a rule upon the sureties upon the appeal bond to justify as soon as it acquires jurisdiction of the parties and of the subject-matter, notwithstanding such rule may have been entered at a term at which no dismissal could be had for want of prosecution and no trial could be entered upon.

4. APPEAL FROM JUSTICE—*when properly dismissed.* Where a rule is properly entered requiring that the sureties upon the appeal bond justify within a time fixed, and in default thereof the appeal be dismissed, a dismissal is properly entered where no effort is made to so justify and no extension of time is asked for or obtained and no new bond is tendered.

5. DISMISSAL—*what does not set aside order of.* An order providing that a dismissal be vacated upon compliance with a condition named therein, does not operate to vacate such dismissal in the absence of a compliance with such condition.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed May 5, 1905.

*Statement by the Court.* September 16, 1903, appellee recovered a judgment against appellants before a justice of the peace for $200 and costs. September 25, 1903, the defendants filed their bond in the office of the clerk of the Circuit Court for an appeal from said judgment. No sum-

mons was issued for the plaintiff, but November 25, 1903, the plaintiff entered its appearance in writing in the cause and on the same day a rule was entered in the cause, on motion of plaintiff's attorney, that the defendants justify on the appeal bond within three days, and that in default thereof their appeal be dismissed.  December 1, 1903, an order was made reciting the failure of the defendants to justify as required by the rule theretofore entered and dismissing their appeal with twenty dollars damages for delay, etc.

December 3, 1903, the following order was made in the cause:  "On motion of defendants' attorney it is ordered that upon the defendants paying ten dollars attorney's fees to plaintiff's attorney herein, that the order of dismissal and judgment heretofore rendered herein be vacated."

On the same day the defendants, without complying with the condition of said order, filed in the clerk's office a second appeal bond.

December 5, 1903, an order was entered in the cause by which the defendants' motion to modify the order of December 3d, by striking therefrom the condition of payment of attorney's fees was denied, and it was ordered that said second appeal bond be stricken from the files.  The order also overruled the motion of defendants to vacate all orders theretofore made in the cause for want of jurisdiction, and from this order this appeal was taken.  The record contains no bill of exceptions.

F. C. STRUCKMEYER and HENRY K. LOEB, for appellants.

JAMES EDWARD PURNELL, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The principal contention of appellants is that the order of dismissal is void because no summons had been served on defendants nor had its appearance been entered ten days before the commencement of the term at which the order of dismissal was made.

Where an appeal is taken from the judgment of a justice of the peace by filing a bond in the upper court, the appellee is not bound to follow the appeal, as he is when the bond is filed with the justice, but a summons must be issued and served on the appellee as in other cases, with the exception that if an original and alias summons are issued and both returned "not found," the Appellate Court may proceed to try the cause as if the appellee had been served with process. R. S., chap. 79, secs. 65 and 67. Sec. 68 provides that in such cases if the appeal bond and transcript are filed ten days before the commencement of the term and the appellee enters his appearance in writing ten days before the first day of the term, "the cause shall stand for trial at that term."

It is well settled that under the foregoing provisions of the statute unless a summons has been served, or an original and alias summons returned "not found," or the appearance of the appellee entered in writing ten days before a term, neither party has the right to a trial at such term, and it is error at such term to dismiss either the appeal or the suit for want of prosecution. But the appeal in this case was not dismissed for want of prosecution, but for the failure of the defendants and appellants to comply with a rule entered by the Circuit Court, and the question presented by the record is not as to the jurisdiction of that court to compel either party to go to trial at the November term, or at that term to dismiss the appeal for want of prosecution, but is, as to the jurisdiction of that court, at that term, to enter the rule that was entered and to dismiss the appeal for the failure of the defendants to comply with such rule.

By the filing of the transcript and appeal bond in the Circuit Court September 20, 1903, that court acquired jurisdiction both of the subject-matter and of the person of the defendants who took the appeal, and from that time the appeal was pending in that court. True, the Circuit Court did not thereby acquire jurisdiction of the person of the plaintiff, and but for its voluntary act, could have ac-

quired jurisdiction over it only by the issuing and service of summons in the manner provided by statute. But the plaintiff voluntarily, at the November term, entered its appearance in writing and moved for a rule on defendants. The plaintiff thereby submitted itself to the jurisdiction of the court and from that time the court had jurisdiction of the parties and of the subject-matter. True, the cause did not stand for trial at that term and could not at that term have been dismissed for want of prosecution. Neither would an original suit begun less than ten days before the term stand for trial at the first term, nor could it at that term be dismissed for want of prosecution. But if, in such a case, the defendant, at the first term, voluntarily entered his appearance in the cause, the jurisdiction of the court at that term to hear and dispose of a motion of the defendant to quash a *capias* or writ of attachment, to require a non-resident plaintiff to give security for costs, or to dispose of a demurrer to the declaration is undoubted, and if a demurrer to the declaration be sustained and the plaintiff elect to stand by his declaration the court could at the first term dismiss the suit for want of a sufficient declaration; or if a non-resident plaintiff failed to comply with a rule to give security for costs, the court could at the first term dismiss the suit for failure to comply with such rule. In our opinion the Circuit Court in this case had jurisdiction, at the November term, to enter the rule that was entered in this case.

It is next objected that before dismissing the appeal, defendants should have been ordered to file a new bond within a time to be fixed by the court. No doubt under the statute and decisions, the Circuit Court could not in its first order, order that an appeal be at once dismissed because of the insufficiency of the appeal bond, but must give the appellant time to file a new bond. But we do not think the objection is well taken to the proceedings in this case. The first order was not that the appeal be dismissed, but that the defendants justify on the appeal bond within three days, and that in default thereof the appeal be dis-

missed.   The defendants made no effort to comply with this rule, no motion that the time be extended, no application for leave to file a new bond within the time fixed by the rule, and three days after that time expired, their appeal was dismissed.   Two days after the appeal was dismissed the following order was made: " On motion of defendants' attorney it is ordered that upon payment of ten dollars attorney's fees to plaintiff's attorney herein, that the order of dismissal and judgment heretofore rendered herein be vacated."

This order did not vacate the order of dismissal and judgment.   It merely fixed and stated a condition, upon the performance of which by the defendants the order and judgment would be vacated.   The cause was no longer pending, and while the court, at the term, could vacate the judgment and order of dismissal, until that was done the defendants had no right to file a new appeal bond.   Yet the defendants on the day the order was made, without complying with the condition of the order, filed a new appeal bond, which was properly stricken from the files.

We find in the record no reversible error and the judgment of the Circuit Court will be affirmed.

*Affirmed.*