## Sherman Budd, Defendant in Error, v. Joseph Wagner, Sr., Plaintiff in Error.

### Gen. No. 33,701.

ion filed January 27, 1930.

W. G. Anderson, for plaintiff in error.

Channing L. Sentz, for defendant in error.

Mr. Justice Matchett delivered the opinion of the court.

This writ of error is brought by defendant, Joseph Wagner, Sr., to secure the reversal of a judgment against him in favor of Sherman Budd for the amount of $141.10.

Defendant has brought to this court only the common-law record. The matter was heard in the circuit court upon appeal from a judgment of a justice of the peace in favor of Budd and against Wagner, Sr., for a like amount.

It appears from the transcript of the justice that Budd sued Wagner, Sr., and Wagner, Jr., copartners trading as the Wagner Dairy; that a summons issued and was returned served on Wagner, Sr., and not found as to the other defendant; that on October 16, 1926, plaintiff and defendant Wagner, Sr., appeared before the justice. Ten witnesses were sworn and examined and documentary evidence admitted. The court found that $141.10 was due to plaintiff and entered judgment for that amount.

Thereafter Wagner, Sr., perfected an appeal to the circuit court by filing a bond in that court, whereupon

a supersedeas issued and was served on the justice and constable. Plaintiff Budd then entered his appearance in the circuit court. The cause was submitted for trial without a jury, and there was a finding and judgment against defendant for a like amount, motions by him for a new trial and in arrest of judgment having been overruled.

Defendant prayed an appeal to this court, which was allowed. He filed a bond, secured numerous extensions of time for filing a bill of exceptions in the trial court but failed to file a transcript of the record here within the time required by law, and on May 24, 1929, his appeal was dismissed by this court for that reason. Thereafter, this writ of error was sued out.

Defendant contends that the transcript of the justice of the peace is insufficient to confer jurisdiction in that (1) it does not show upon its face the nature of the cause of action; and (2) it fails to show that the amount of the alleged claim was within the jurisdiction of the justice court. It is further contended that since it appears from the transcript of the justice that the suit was against two as copartners, while only one was served, the circuit court was without jurisdiction until a summons should issue against the partner not served as required by statute.

As to the sufficiency of the transcript, plaintiff cites *Jackson v. Sherman House Hotel Co.,* 120 Ill. App. 507; *Dickerson v. Johnson,* 119 Ill. App. 325, and *Demilly v. Grosrenaud,* 201 Ill. 272. It will not be necessary to review these cases at length. It is held in all of them that the filing of a transcript of the judgment of a justice court with the circuit or superior courts is essential to the jurisdiction of those courts upon appeal. In this case a transcript was filed, and if defendant wished to take any advantage of any informality in it he should have made objection thereto before trial. By going to trial, he waived formal technicalities. *Buettner v. Norton Mfg. Co.,* 90 Ill. 415.

The contention that it was error to enter judgment in the circuit court against one partner without serving or attempting to serve the other, raises a more difficult question. Defendant contends that the judgment was erroneous for this reason upon the theory that section 70 of the Act of 1872 (see Cahill's St. ch. 79, ¶ 178, § 70; Smith-Hurd's Ill. Rev. Stat., ch. 79, par. 181) was not repealed by the Act of June 26, 1895, which revised the law in relation to justices of the peace and constables. The second division of this court held that the Act of June 26, 1895, did not repeal said section 70 in the case of *Tongeln v. Knoll,* 227 Ill. App. 317. In that case the plaintiff did not appear and apparently authorities to the contrary were not cited. However, in our view, a decision of that point is not necessary in this case. We express no opinion on it and shall assume that said section 70 is in full force and effect. That section is as follows:

"When an appeal shall be taken by one of several parties from the judgment of a justice of the peace, the clerk of the court shall issue a summons against the other parties, notifying them of the appeal in the said court, and requiring them to appear and abide by and perform the judgment of the court in the premises; which summons shall be served as other process issued in appeal cases; and in case such summons shall be returned that parties are not found, the cause shall, at the first term of the court, be continued, but at the second term may be tried; and the court shall have power to give the same judgment as though all the parties to the judgment had joined in the appeal, unless the appearance of the appellee shall be entered as herein provided."

This section was considered in *Ernst v. Friedl,* 93 Ill. App. 5, the court there in substance holding that when an appeal was taken by one of several parties from the judgment of a justice of the peace, the statute required the clerk of the court, to which the appeal was taken, if

the appearance of the parties was not entered, to issue a summons against the other parties, and that it was error to proceed with the trial of the case without doing so. No authorities were cited and apparently other cases construing this section were not called to the attention of the court.

In *Fabbri v. Cunio*, 1 Ill. App. 240, the plaintiff sued Charles Fabbri and Sarah, his wife, in a justice court. Both were served and on trial judgment was rendered for plaintiff against Charles but for defendant Sarah. Charles appealed to the circuit court, where the cause was again tried and judgment entered against him in favor of plaintiff. He appealed to this court, urging that the judgment was erroneous because no summons was issued against Sarah in the circuit court as required by section 70. This court held in an opinion by Justice Bailey that under this section it was necessary to bring before the circuit court only the persons "who were the *parties to the judgment appealed from.*" The court said that the object of the statute was "to provide, in cases where one of several joint parties to a judgment appeals, for bringing before the court the other joint parties, so that upon trial a proper judgment may be rendered against all of them." It was held there was no error in the proceeding of the circuit court.

In *Gormley v. Hartray,* 105 Ill. App. 625, Gormley sued J. W. Hartray and Company, copartners, before a justice of the peace. Thomas R. Hartray was served, and the summons as to J. W. Hartray, the other partner, was returned not found. Judgment was rendered against Thomas R., who appealed to the circuit court, where judgment was again entered upon a verdict against him.

On appeal to this court it was urged by Thomas R. Hartray that the cause had never been at issue because he, only, had been served; that his partner had never been served in either court and that a summons had not

been issued in the circuit court, as provided by this section 70 of the statute. This court said:

"Upon the hypothesis that this section is still in force, as to which we express no opinion, appellant is not helped thereby, for we think that it has no application to this case, because it applies to those parties only *against whom the justice rendered judgment, and does not in any way affect parties defendant who were not served* before the justice and against whom no judgment was or could be rendered."

The opinion cites as authority *Fabbri v. Cunio,* 1 Ill. App. 240; *Smith v. Irwin,* 5 Gilm. 268; *Stephens v. Cross,* 27 Ill. 35, and *Sherburne v. Hyde,* 185 Ill. 580, 582.

This interpretation of the statute seems to be consistent with section 14 of the Practice Act and also section 46 of chapter 79, which provides:

"If any summons or capias is served on any one or more, but not on all the defendants, the plaintiff shall be at liberty to proceed to trial and judgment in the same manner as if all the defendants were in court, and judgment may be entered and execution issued against the defendant served with process." (See Cahill's St. ch. 110, ¶ 14 and ch. 79, ¶ 46; Smith-Hurd's Ill. Rev. Stat. 1929, section 14, chapter 110, and section 46, chapter 79; *Mulligan v. Alsen,* 222 Ill. App. 615, 616.) *Ernst v. Friedl,* 93 Ill. App. 5, must, we think, be held contrary to the weight of authority.

The judgment of the trial court is affirmed.

*Affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.